14352.　SHEHANE *v.* EBERHART *et al.*

BROYLES, C. J.　1. "Where the only ground of a proceeding by a landlord to dispossess a tenant is that the tenant is holding over beyond his term, the tenant can not set up, by way of recoupment or counter-claim, damages which he alleges he has sustained by reason of the failure

of the landlord to repair the premises. If the tenant is in fact holding over and beyond his term, the state of accounts between the landlord and the tenant, growing out of the tenancy at the time the warrant is issued, is entirely foreign to the issue raised by the dispossessory proceeding, which alleges that the landlord is entitled to retake possession of the property because the tenant's right to possession has terminated by the expiration of the time to which the contract (and the possession of the tenants) was limited."

2. "Since the lower court erred in overruling the demurrer interposed by the plaintiff to the defendants' plea, all further proceedings during the trial were nugatory, and it is unnecessary to consider any further assignments of error presented by the bill of exceptions."

3. The preceding rulings are those of the Supreme Court, handed down in this case when it reversed this court's judgment of affirmance. See *Shehane* v. *Eberhart*, 158. *Ga.* 743 (124 S. E. 527). Therefore the judgment of affirmance (30 *Ga. App.* 265) is vacated, and this court now holds that the trial judge erred in overruling the demurrer to the defendants' plea.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided November 12, 1924.

Eviction; from Clarke superior court—Judge Fortson. January 29, 1923.

*Erwin, Erwin & Nix,* for plaintiff.

*Wolver M. Smith, John J. Strickland,* for defendants.