## GILBERT v. YOUNG et al.  (No. 2987.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 3, 1924. Rehearing Denied Dec. 18, 1924.)

1. **Landlord and tenant ⬆55(1)—Tenant in possession after cancellation of lease by landlord, held not liable for loss of house by fire.**

Where landlord violated obligation of contract to repair, and on tenant's refusal to pay rent, exercised option to cancel lease, tenant was not trespasser in wrongful possession, so as to be liable for loss of house by fire, in view of finding that tenant had paid more rent than was due.

2. **Landlord and tenant ⬆154(1)—Tenant's claim for damages for failure of landlord to repair could be considered in determining right to possession.**

In forcible detainer by landlord, afterward changed into action for value of house destroyed by fire and unpaid rent, tenant's claim for damages for failure of landlord to repair could be considered in determining his right to possession.

3. **Landlord and tenant ⬆55(1)—Tenant, in wrongful possession after forfeiture, not liable for loss of house by fire not caused by his occupancy.**

Tenant, in possession after forfeiture by landlord for failure to pay rent, was not responsible for loss of house by fire, unless fire originated as result of his occupancy, even if possession was wrongful.

4. **Justices of the peace ⬆191(2)—Sureties on appeal bond of principal who was not liable properly discharged.**

In action by landlord against tenant for loss of house and unpaid rents, where tenant was not liable, sureties on his bond on appeal to county court from justice court were properly discharged.

Appeal from Harrison County Court; John W. Scott, Judge.

Action by Mrs. S. B. Gilbert against N. C. Young and others. From a judgment of county court for defendants on appeal from justice court, plaintiff appeals. Affirmed.

Lyttleton & Jasper and Prendergast & Prendergast, all of Marshall, for appellant.

Hall, Brown & Hall, of Marshall, for appellees.

HODGES, J. On January 11, 1922, the appellant, Mrs. Gilbert, leased in writing 99 acres of land situated near the city of Marshall, Tex., for a term of two years. Young,

the tenant, was to pay as rent $25 per month, beginning the first day of February following the execution of the contract. In the event he failed to pay any installment of rent when due, the lessor was authorized to "re-enter said lands and farm, and cancel said lease, and retake the land." Mrs. Gilbert, as lessor, bound herself to repair the outside fence around the farm, so that it would turn cattle and other stock, except hogs. It was further provided that in the event the dwelling house on the premises was destroyed by fire, or other casualty, without the fault of Young, the lease was to terminate.

Young went into possession in January, and paid all the installments of rent as they fell due till about the first of September, 1922. He then declined to pay more rents till Mrs. Gilbert repaired the fence in accordance with her agreement. This she refused to do, and Young remained in possession till the house was destroyed by fire in the latter part of December of that year. In November, prior to the fire, Mrs. Gilbert notified Young to vacate the premises because of the failure to pay the rents then claimed by her as due. Upon Young's refusal to surrender possession, Mrs. Gilbert instituted a suit of forcible detainer in the justice court of precinct No. 3 of Harrison county. The trial in the justice court resulted in a judgment in favor of Mrs. Gilbert for the restitution of the premises, and in favor of Young for damages in the sum of $20. Young perfected an appeal to the county court of Harrison county, and gave a bond, conditioned as required by law, with C. E. Williams and W. D. Henderson as sureties. Pending the appeal to the county court, and while Young was still in possession, the house burned from some unknown cause. Young then immediately vacated the premises. Before the trial of the cause in the county court, Mrs. Gilbert amended her petition, abandoned the suit for the recovery of the property, and set up as a cause of action the value of the house destroyed, together with the unpaid rents. The sureties on Young's appeal bond were joined as codefendants in the suit. The case was tried in the county court before a jury on special issues, in response to which it was found that Mrs. Gilbert had breached her contract by not repairing the fence; that the reasonable rental value of the premises without the repairs she had contracted to make was $16 per month; that the value of the house destroyed was $950. Upon these findings, the court rendered a judgment in favor of Young and the sureties on his appeal bond.

[1] The sufficiency of the evidence to support the findings of the jury is not questioned. The contention of the appellant is, that after Mrs. Gilbert had exercised her option to cancel the lease for the nonpayment of rent, Young was a mere trespasser, and was responsible for the value of the house destroyed, if the fire originated as a result of his occupancy. Clearly Young was not wrongfully in possession of the premises if he had paid all the rent Mrs. Gilbert had a right to collect under the mutual covenants contained in the lease contract. Mrs. Gilbert could not violate her contract and hold Young to the literal performance of his. Her right to the $25 per month, and to exercise the option of forfeiture for its nonpayment, was manifestly predicated upon the assumption that she would discharge her obligation to do the repairing required to make the premises worth the rental Young was to pay. Under the finding of the jury he had paid her $8 more in rents than she could lawfully claim and collect for the entire 12 months.

[2, 3] Counsel for appellant insist that even if that be true, Young's claim for damages, being an unliquidated demand, could not be taken into consideration in determining his right to possession in a suit of this character. We fail to see any sound basis for such a contention. But conceding that Young was wrongfully in possession after the declaration of forfeiture by his landlord, he was not what may be termed a naked trespasser— that is, one who entered without any semblance of right. His original entry was under his contract, and he remained in possession under an apparent bona fide claim of right, which was at least probably well founded. If that be true, he could be held responsible for the loss of the house only upon proof that the fire originated as a result of his occupancy. The record contains no such proof. The evidence goes no further than to show that the fire occurred while he was occupying the house. That is not sufficient. The proposition stated is, we think, sustained by the following authority: Willis v. Morris, 66 Tex. 632, 1 S. W. 799, 59 Am. St. Rep. 634.

[4] Since Young himself cannot be held liable, the sureties were also properly discharged.

The judgment will be affirmed.