**UTZINGER COMPANY, Plaintiff-Appellant, v. SHROYER, Defendant-Appellee**
**SHROYER, Plaintiff-Appellee, v. UTZINGER COMPANY, Defendant-Appellant**

Ohio Appeals, Second District, Montgomery County.

Nos. 1882 and 1883—Decided May 17, 1946.

Harshman & Young, Dayton, for The Utzinger Company.
Howard P. Williamson, Dayton, for George W. Shroyer.

## OPINION

By THE COURT:

No. 1882 is an appeal in an action for specific performance of an alleged contract wherein it was claimed that the defendant agreed with the plaintiff to negotiate a new lease for a part of a building owned by defendant and located at No. 17 East Second Street, Dayton, Ohio. Upon issue drawn the Court found with the defendant and dismissed the petition and entered judgment accordingly. The appeal is on questions of law and fact from this judgment.

No. 1883 originated in the Municipal Court of the City of Dayton, Civil Division, as an action of Shroyer, who was plaintiff, against the Utzinger Company, defendant, in forcible detainer of the premises heretofore mentioned. The trial judge upon issue drawn found for the plaintiff and ordered that he have restitution of the premises. This judgment was appeal-to the Common Pleas Court of Montgomery County, Ohio, and there affirmed and from this affirmance the cause is appealed to this Court on questions of law.

In the forcible detainer action in the Municipal Court the oral contract which is the basis of the Utzinger Company's claim in Case No. 1882 was set up defensively, considered and determined in that Court. In the suit for specific performance the first defense is a general denial and the second defense is a plea of res judicata predicated upon the judgment of the Municipal Court.

We have been favored with the opinions of Judge Wolff of the Municipal Court and Judge Cecil of the Common Pleas Court, from which it clearly appears that Judge Wolff considered at length the claim of the Utzinger Company that it had a binding oral contract with Shroyer whereby he was to lease the premises in question for a period of five years in addition to that covered by a written lease between the parties. From the opinion of Judge Cecil it appears that he gave no consideration to the second defense of res judicata but predicated his finding, as did the Municipal Court in part, upon the general proposition that there was insufficient proof of all the terms of the lease which it was sought to require Shroyer to perform to justify an order of specific performance.

It is urged with confidence here that res judicata may be given application to preclude an order on behalf of The Utzinger Company for specific performance. It is true that all of the identities essential to the application of the doctrine of res judicata are found in the action in the Municipal Court, but that Court is not one of general jurisdiction nor is it clothed with jurisdiction by statute to entertain the equitable defense which was set up in the forcible detainer action in the Municipal Court. Schmidt v Schmidt, et al., 1 O. N. P. N. S. 177. We are therefore, of the opinion that our judgment could not safely be predicated upon the defense of res judicata.

The determinative question in the law appeal, No. 1883, is whether the Common Pleas Court manifestly erred in holding that the Municipal Judge did not err in his conclusion that the evidence did not support defendant's defense to the forcible detainer action. Obviously, we cannot so hold for the reason that the Municipal Judge upon the controverted questions had a right to resolve them in favor of the plaintiff.

Upon the appeal in No. 1882, which requires us to consider the evidence de novo we reach the same conclusion as Judges Wolff and Cecil and for the same reason. The evidence in its entirety does not afford sufficient proof of the specific material terms of the oral contract to make a lease to enable the Court to write it and to order its enforcement.

The letter of date April 27, 1944, addressed to Mr. Utzinger individually, is a memorandum which, if complete and definite enough would do much to afford the Court a means of determining what the oral agreement was. The letter of that date implies that there had been a consummated agreement between the parties. This is manifest by the language which

recites a "confirmation of conversation and agreement," but this letter, as heretofore noted, was not addressed to The Utzinger Company, and in the communication of June 30, 1944, Mr. Utzinger to Mr. Shroyer relative to the agreement for the lease, the signature is individual and not that of the company. The next letter appearing in the bill of exceptions is signed "The Utzinger Company by Charles Utzinger, President and Treasurer." It further appears from the record that although Mr. Utzinger is quite definite as to some phases of the proposed lease he was indefinite as to the essential specific terms to be incorporated in his lease.

It is basic that a court of equity, before granting the remedy of specific performance must be satisfied of all the essential material terms of the contract to be performed.

We might say, in passing, that we reach our conclusion upon the indefiniteness of plaintiff's proof rather than upon the strength of the testimony in behalf of Mr. Shroyer. We are indeed in grave doubt if the memo as to the terms of the lease which it is claimed by Mr. Shroyer was prepared prior to the expiration of the written lease between the parties was in fact in existence on or about April 27, 1944, the time when Mr. Shroyer confirmed the conversation and agreement.

We will not discuss the effect of the acceptance of certain of the checks of the Utzinger Company to Mr. Shroyer subsequent to the expiration of the original lease upon the question of such part performance of the contract as would take it out of the statute of frauds because we make determination of this appeal upon failure of essential proof to support the order sought.

The finding on the appeal on questions of law and fact will be for the defendant-appellant and the same as in the trial court.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**UTZINGER COMPANY, Plaintiff-Appellant, v. SHROYER, Defendant-Appellee.**

No. 1882—Decided June 6, 1946

**OPINION**

By THE COURT:

Submitted on application for rehearing which presents no

new questions for the consideration of the Court. It will therefore be overruled.

Under the date of May 28, 1946, we have a letter from counsel for appellant suggesting that if the application for rehearing is overruled and appellant required to vacate, it will be necessary to dispose of the stock of the company, requiring a delay of at least thirty days. The letter then contains this sentence "May we be heard in respect thereto?" There is no formal application before the Court upon which a hearing may be granted and if there were, it is our opinion that any extender of the time of eviction should be taken up with the first court in the action in forcible detainer which judgment has been remanded to that court.

We know of no order that would be appropriate in this specific performance suit which would have the effect of interfering with the due process of the law in a separate legal action of forcible detainer.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.