**RAAB ET AL, Plaintiffs-Appellants, v. GUEST, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20549. Decided January 27, 1947.

Dworkin & Dworkin, Cleveland, for Plaintiffs-Appellants.
Leanza, Bernard & Hodous, for Defendant-Appellee.

## OPINION

By MORGAN, J.:

Ben P. Raab and Nathan Staman filed their action against Robert L. Guest in forcible entry and detainer in the Justice of the Peace Court of the Village of Lyndhurst, Ohio, to recover possession of property located at 5236 Haverford Road.

The Justice of the Peace Court granted a motion by the defendant for judgment, on the ground that the court was without jurisdiction in the case. Later the plaintiffs filed a motion in common pleas court of Cuyahoga County for leave to appeal from the justice of the peace court. The common pleas court made the following finding:

"The finding of the justice of the peace court is reversed and cause ordered advanced for trial on merits."

The case later came on for hearing in the common pleas court. At the conclusion of plaintiff's testimony the defendant moved for judgment. The motion was granted in the following entry:

"Motion granted. Petition dismissed. Judgment for defendant for costs. Exceptions."

The trial court in an oral opinion stated that the justice of the peace court lacked jurisdiction because the defendant had or might advance equitable defenses and the justice of the peace court had no jurisdiction to entertain such defenses.

At the trial the plaintiffs offered a lease agreement by which they leased the property in question to Don H. Robinson and Alma Robinson, husband and wife, for the term "commencing on the first day of October, 1944, and ending on the last day of the calendar month that the President of the United States declares that the Emergency, which began on September 8, 1939, has ceased to exist" for $51.00 per month.

The lessors also, in the same instrument, gave the lessees,

"an option to purchase the afore-described premises for the sum of $7000.00, said option to be exercised only within sixty days after the Emergency has ceased to exist and that the National Housing Agency, War Production Board and Office of Price Administration have removed all restrictions of sale and rental of any kind, nature and description on real estate."

The instrument also contained the following provision:

"That the premises aforesaid or any part thereof shall not be under-let nor shall this lease be assigned * * * without the consent in writing of the first party under pain of forfeiting the residue of the term hereby granted at the election of the first party."

The plaintiffs offered evidence at the trial that the lease had been forfeited under the above provisions inasmuch as the defendants had entered into the possession of the premises by some arrangement with the lessees without the consent in writing but with the disapproval of the lessors.

The jurisdiction of the justice of the peace courts in forcible entry and detainer is provided in §10224-5 GC.

Sec. 10232 GC provides that justices shall not have cognizance of any action:

"(5) in actions on contracts for real estate;

"(6) in actions in which the title to real estate is sought to be recovered or may be drawn in question. * * * ."

32

The instrument of lease in this case does not contain an obligation on the part of the lessee to purchase the property. It only grants the lessee an option to purchase. It has been held that a vendor may bring a forcible entry and detainer action against his vendee where the lease contains a forfeiture provision giving the lessor the right to possession on the happening of the forfeiture. See **State ex rel Kennelly v Miller, 43 Oh Ap 173**; also, **Martin v Bircher, 46 Oh Ap 239**, where the court said:

"Under * * * the statute (Ohio G. C. 1579-668) (creating the municipal court of Canton) the municipal court is granted the same jurisdiction as is granted to justices of the peace."

"The legal question therefore presented is whether justices of the peace have jurisdiction of the subject matter in a suit under a land contract containing a forfeiture clause. * * *."

"* * * the plaintiff * * * notified the defendant in writing that the contract was forfeited by reason of the defendant defaulting in his payments, and when the * * * complaint was filed in the municipal court of Canton, the contract had already been forfeited and the plaintiff * * * was entitled to possession by reason thereof."

See, also, **Felger et al v Thompson et al, 27 Oh Ap 310; Weber v Devitt, 6 Abs 653; Jaeger v Goldzwig, 30 OO 142; Kent v Kent, 12 OO 226;** Gladwell v Hume, 18 O. C. C. 845.

Futhermore, the availability of equitable defenses does not deprive a justice of the peace of jurisdiction in a forcible entry and detainer case. **Trustees of Burton Township v Tuttle, 30 Oh St 62;** Dennis v Hanson, 12 O. C. C. 445 at 457; **Warner v Matthews, 46 Abs 568;** Martin v Bircher (supra).

At this stage of the proceedings the defendant has not developed his defense and this court is not informed as to what defenses will be advanced. The question whether any or all of the defenses can be presented at the trial in the common pleas court cannot be decided or intelligently discussed before trial. Our decision is limited to the holding that the trial court erred in rendering judgment for the defendant at the conclusion of plaintiff's case.

Judgment of the common pleas court reversed and cause remanded for further proceedings according to law.

SKEEL, PJ, and HURD, J, concur.