ADAIR, ET, Plaintiffs-Appellants, v CREPPS, ET, Defendants-Appellees.

Ohio Appeals, First District, Hamilton County.

No. 6809. Decided June 27th, 1947.

Robert G. Adair, and Paul W. Steer, Cincinnati, for plaintiffs-appellants.

Ervin L. Bramlage, Cincinnati, for defendants-appellees.

## OPINION

By HILDEBRANT, J.

The Municipal Court of Cincinnati, by dismissing the action at the close of Plaintiffs' evidence, held it had no jurisdiction in a forcible entry and detainer action where the defendant was in possession as lessee under a lease containing a privilege of purchase clause, together with a forfeiture clause providing for re-entry and repossession by lessor on breach of the covenant to pay rent which is the breach alleged here.

The Court stated in its finding that it's conclusion was based on **Bevard v Brucker, 43 Oh Ap 294,** wherein is cited **The Cullen & Vaughn Co. v The Bender Co., 122 Oh St 82,** where it is stated in the second paragraph of the syllabus in part:

"A lessee of land in possession under a lease for a term of years which contains a stipulation that lessee may purchase the fee at any time during the term of the lease for a sum stated creates in the lessee an interest which inheres in the land from the date of the execution and delivery of the lease." * * * *.

Relying on the above, the Court held that the privilege of purchase clause in the lease created an equitable interest in the defendant from the time of the first payment of rent, so that the remedy lay in equity by way of forfeiture or cancellation and that neither §15558-6, GC, nor §10449, GC, conferred jurisdiction in forcible entry and detainer of this type of case.

Sec. 1558-6, GC, provides the Municipal Court of Cincinnati has jurisdiction:

"1. In all actions and proceedings of which the justices of peace have or may be given jurisdiction.

"All actions in forcible entry and detainer."

Sections 10224, 10447, and 10449, GC, fixing jurisdiction and procedure in the Justice of the Peace court provide:

"Section 10224 GC (par. 5). To try the action of forcible entry and detention or the detention only of real property, * * * * "

"Section 10447 GC. In the manner hereinafter directed, any justice, within his proper county, may inquire as well against those who make unlawful and forcible entry into lands and tenements, and detain them as against those who have a lawful and peaceable entry into lands and tenements unlawfully and by force hold them. If upon such inquiry it be found that an unlawful and forcible entry has been made, and that the lands or tenements are held by force, or that after a lawful entry they are held unlawfully, then such justice shall cause the party complaining to have restitution thereof."

Section 10449 GC, provides:

"Proceedings under this chapter may be had against tenants holding over their terms; against tenants in possession under an oral tenancy, who are in default in the payment of rent as hereinafter provided; in sales of real estate, on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians, and on partition, when any of the parties to the petition were in possession at the commencement of the suit, after such sales, so made on execution or otherwise, have been examined by the proper court, and adjudged legal. Also when the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession, or any other case of their unlawful detention.

"If a tenant holding under an oral tenancy is in default

in the payment of rent, he shall forfeit his right of occupancy, and the landlord may, at his option, terminate the tenancy by notifying the tenant, as provided in §10451 GC, to leave the premises, for the restitution of which an action may then be brought under this chapter." (Emphasis added.)

The only witness was a plaintiff, lessor, who testified as to the possession under the lease, default, and demand for rent, and offered the lease which was received in evidence, the pertinent parts thereof being:

"And said lessees, during the term hereof, shall have the right and privilege to purchase the premises for the sum of Twenty-two Thousand Dollars ($22,000.00); and provided said privilege of purchase is exercised during the term hereof, lessors shall convey said premises to lessees by general warranty deed, the premises to be free and clear of all incumbrances excepting the within lease and the installment of taxes next due and payable, and all taxes due and payable thereafter.

"YIELDING AND PAYING THEREFOR, during the said term, the sum of Three Thousand Dollars ($3,000.00) annually, payable in equal monthly installments of Two Hundred and Fifty Dollars ($250.00) on the 1st day of each month, said payments to be credited against the purchase price hereinabove stipulated, provided the privilege of purchase is executed in accordance with the terms hereof."

"PROVIDED, HOWEVER, that if said rent, or any part thereof shall remain unpaid for ten (10) days after it shall become due, and without demand made therefor; * * * * or if said lessee or any assignee shall fail to keep any of the other covenants of this lease, it shall be lawful for said lessors, their heirs and assigns, into said premises to re-enter, and the same to have again, re-possess and enjoy, as in the first and former estate; and thereupon this lease and everything herein contained on the said lessors' behalf to be done and performed shall cease, determine and be utterly void."

In the Bevard case, relied upon by the Municipal Court, which was not a forcible entry and detainer case, but an action for money as rent and failure to pay taxes, the Court held the petition not demurrable for want of jurisdiction, in the absence of allegations calling for the exercise of general equity jurisdiction, or raising the question of title to real estate. Speaking through Judge Hamilton, this Court said at page 295:

218

"It is the law that justices of the peace shall not have jurisdiction of actions in which the title to real estate is drawn in question. This rule is made to apply to the Municipal Court of Cincinnati by statute. However, the action, as disclosed by the bill of particulars, was for money for rent and for unpaid taxes. The title to the property was not drawn in question by the bill of particulars.

"The answers of defendants are in substance that since the 18th day of September, 1929, defendants' equity in the real estate, described in plaintiff's bill of particulars, was returned and assigned to her in consideration of her releasing them from any and all obligations assumed under the lease, and deny generally the other allegations of the plaintiff's bill.

"It is only through these answers that any question, calling for the exercise of general equity jurisdiction or decision of any question regarding title to the real estate, is drawn into the case. It has been decided by the Supreme Court of Ohio that the defendant by answer may not destroy the jurisdiction of the court. **Nichol v Patterson, 4 Ohio, 200.** See also, **Bridgmans v Wells, 13 Ohio, 43.**

"Moreover, no answer or other pleading had been filed when the court was called upon to rule on the demurrer to the bill of particulars. Therefore, there being no allegations in the bill of particulars, calling for the exercise of general equity jurisdiction, nor calling in question the title to the real estate, the demurrer was properly overruled."

The bill of particulars which states a perfect cause of action in forcible entry and detainer for the detention of real estate is the only pleading in the transcript before the court and the trial proceeded as above stated.

In **1943 Cum. Supp., 19 O. Jur., at p. 2344, §6a,** it is stated:

"While the Ohio Supreme Court has not yet passed upon the question whether forcible entry and detainer may be brought in the municipal or justice court by a vendor in a land contract, to recover possession from the vendee upon default of the latter, the line of demarcation as drawn by the court of appeals is between those cases in which the contract contains an express forfeiture provision and those in which it does not."

The text then cites numerous cases upholding the jurisdiction, where a forfeiture clause is included in the contract and denying it where no forfeiture clause exists, for the rea-

son that before cancellation of the contract by a court, the contract is not void on breach, but only voidable.

The bill of particulars here stated a good cause of action in forcible entry and detainer, and as stated in **Jaeger v Gold-zwig, 30 Oh Ap 142, at 143:**

"In forcible entry and detention petitions the question of fee simple title is not involved, but only the question of right of possession. Where the defendant, as in the instant case, acquired possession through the plaintiff and claims no right otherwise, he cannot be heard to question the possessory title of the plaintiff. This theory arises upon the principle that defendant's possession is obtained exclusively from plaintiff, and he can not question plaintiff's right unless by reason of some happening subsequent to the original contract of lease."

In other words, defendant is estopped to question or deny the plaintiffs' title.

The undisputed evidence disclosed the breach and the terms of the lease plainly give the right of re-entry and re-possession and the declaration of forfeiture is unequivocally made in the bringing of the action. By its plain terms, in event of breach of covenant to pay rent, the lease as to lessors is void. On this record, plaintiffs' right of possession, which is the sole issue before the court, is plainly shown to exist.

If the defendants could, by answer, allege facts giving rise to the existence of rights under the privilege of purchase clause, they would then defeat the plaintiffs on the proof, so that the possessory right could be denied, and the action dismissed because of lack of jurisdiction in the court to determine the equities, but the filing of the answer alone would not be sufficient to defeat the jurisdiction of the court in the first instance as shown by stating a good cause of action in the bill of particulars.

Under the language contained in the privilege of purchase clause here, the right in the land inhering to defendants was but a potential right, which could be transformed into an enforceable right attended with correlative duties by an actual exercise of said privilege by notice of intention so to do, followed by actual tender of an amount equal to the difference between the agreed purchase price and the total of all rent payments. Proof of those facts before breach declared upon

by plaintiffs would then defeat the possessory action, be a ground for dismissal of the bill of particulars, and require of a court jurisdiction in equity to determine any controversy arising therefrom. In the face of allegations and proof foreclosing the ripening of a mere potential into an absolute right, the general jurisdiction given to decide the purely possessory question under the facts alleged and proven ought to, and we hold does attach.

We observe that §10232 GC, denying jurisdiction in actions on contracts for real estate, and in which title is sought to be recovered or may be drawn in question is superseded by specific grant of power to hear and decide forcible entry and detainer cases. **Brown v Burdick, 25 Oh St 260. Trustees v Tuttle, 30 Oh St 62,** wherein it is stated at **p. 66** of the opinion:

"The express power to take jurisdiction of a cause of action, and render a judgment therein, implies that the court upon which the jurisdiction is conferred may hear and determine all questions that properly or necessarily arise upon the trial, reflecting upon the rights of the parties involved in the action."

In **Martin v Bircher, 46 Oh Ap 239, at page 242** of the opinion it is stated:

"Where the complaint states, and the evidence proves, that the 'defendant doth unlawfully and forcibly and with a strong hand detain,' etc., that is sufficient to give the justice of peace jurisdiction, **Yeager v Wilber, 8 Ohio, 399; Barto v Abbe, 16 Ohio, 408.**"

In the Brown v Burdick case, the 4th paragraph of the syllabus is:

"The fact that the plaintiff in detainer, in order to show his right to possession, had to prove his title as devisee by a certified copy of the will, constituted no objection to the jurisdiction of the justice."

If in truth and in fact defendants have a good defense to this action calling for the exercise of equitable jurisdiction on the part of the court, pleading and proof thereof will defeat this action for possession only. Ample remedy exists in the law for the preservation of those rights, but on the record here nothing appears to defeat the jurisdiction in forcible

entry and detainer, wherein defendants are estopped to deny title of plaintiffs, title to the real estate is not involved and adequate allegations as to the right of possession and proof thereof appear.

The judgment is reversed and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, and ROSS, J, concur in Syllabus, Opinion and Judgment.