REA, APPELLANT, *v.* HELSLEY, APPELLEE.

(No. 4225—Decided January 29, 1949.)

*Mr. David H. Thomas,* for appellant.
*Mr. John H. Summers,* for appellee.

HORNBECK, J.   The appeal is on questions of law from a judgment of the Municipal Court of Columbus in favor of the defendant on plaintiff's action in forcible entry and detainer.

Three errors are assigned:

(1) In finding certain facts not sustained by sufficient evidence.

(2) The decision is contrary to the weight of the evidence.

(3) Error in granting equitable relief.

Defendant was a tenant of plaintiff under a written lease by the terms of which the rental payment was due on or before the first of each month. Defendant had made two payments of rental prior to the one in question in this action, at the time of which former payments the plaintiff lived at 1319 North Fourth street, Columbus. On August 1st, the rental date upon which the default of the defendant is claimed, both the defendant and plaintiff's agent, her mother, were out of the city of Columbus. Defendant was in Gallipolis, Ohio, from which no trains carrying mail run on Sunday.

The trial court found, among other findings of fact, that:

"On Monday, August 2nd, 1948, defendant sent a check to plaintiff's agent in payment of August rent, by mailing it 'special delivery—air mail' to 1713 or 1913 North Fourth street, Columbus, Ohio; that the envelope in which the August check for rent was so mailed bore the following instruction, in addition to the regular address: 'Apartment house; If not 1713, try 1319'; that the Columbus, Ohio, Post Office attempted to deliver the letter from defendant to plaintiff's agent, which contained the check for August rent, on August 2, 1948, but failed to make delivery; that plaintiff's agent's correct address was 1319 North Fourth St., Columbus, Ohio."

It further appears, and is so found, that the special delivery, not being delivered, was returned to the defendant at Gallipolis; that when attempt was made by the defendant to reach the plaintiff by telephone in Columbus, it was found that she was in Gatlinburg, Tennessee, and thereupon the check was sent to Case and West's office, 52 E. Gay street, Columbus, Ohio, where plaintiff's agent conducted some of her business

affairs; the check was then mailed to defendant at Gatlinburg, Tennessee, but did not arrive until she had left this place and was finally delivered to her at Columbus on August 11th.

On August 10th, plaintiff served defendant with the notice in writing to quit the premises which she occupied. Upon the findings of fact, the trial court concluded, as a matter of law, that the defendant-tenant is entitled to equitable relief against a forfeiture of her lease.

At the outset, it is our opinion that it was not necessary to resort to equitable relief to deny the plaintiff an order of eviction against the defendant. The trial court found, and there is sufficient basis for such determination, that the defendant made a reasonable effort to get the check for the rent to the plaintiff on Monday, following Sunday, the first, upon which technically the rent was due. It is testified that the attempt to deliver the special delivery letter was made on Monday, the 2nd. This, in our judgment, was sufficient compliance with the requirements of the lease as to the date of the payment of rent under Section 10216, General Code. If, however, the payment on the 2nd was not sufficient observance of the technical legal requirement to pay the rent on the first, then we would be moved under Section 11364, General Code, to certify that substantial justice had been done by the judgment of the trial court.

Finally, coming to the ultimate question raised by reason of the fact that the conclusions of law disclose that the trial court found that the defendant is entitled to equitable relief against a forfeiture of her lease, we consider Section 1558-53a, General Code, a part of the Municipal Code of the city of Columbus.

"Whenever an action or proceeding is properly brought in the Municipal Court, the court shall have

jurisdiction to determine, preserve and enforce all rights involved therein, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties."

The judgment entry reads, "Judgment is rendered for defendant for possession of premises and for costs." We interpret this order to be nothing more than a finding and judgment for the defendant as of the date when rendered. The judgment entry does not go as far as the separate finding of law, which is to the effect that "the defendant-tenant is entitled to equitable relief against a forfeiture of her lease"; nor is it as extensive as prayed for in the cross-petition of the defendant. The section of the Code may properly be given application to the extent invoked in the judgment entry because clearly the action or proceeding was properly brought in the Municipal Court. Section 10449, General Code.

No assignment of error asserted is well made.

The judgment will be affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.