and to restore the appellant to full custody and control of his estate, in conformity with this opinion.

*Judgment accordingly.*

Kovachy and Skeel, JJ., concur.

Mann, Appellee, *v.* Sexton, Appellant.

(No. 2323—Decided February 16, 1955.)

*Mr. Gregory C. Karas,* for appellee.
*Messrs. Scharrer, Scharrer & Hanaghan,* for appellant.

*Per Curiam.* This cause is submitted on a motion to dismiss the appeal on the ground that the order appealed from is not a final order and on a motion to require appellant to give a supersedeas bond. The appeal is on questions of law.

The plaintiff, appellee herein, filed in the Municipal Court of Dayton her petition praying in her first cause of action for possession of certain real property and in her second cause of action for judgment for rents which had accrued.

The defendant, appellant herein, filed an answer and, also, a counterclaim consisting of two causes of action: First, re-

formation of the lease and, second, a claim for damages in which the amount prayed for exceeded the jurisdictional limit of the Municipal Court. Thereafter, the Municipal Court certified the entire proceeding to the Court of Common Pleas for adjudication. Section 1901.22 (e), Revised Code. The Common Pleas Court sustained a motion to remand the cause of action for adjudication to the Municipal Court on the ground that the Common Pleas Court was without jurisdiction to hear an action for forcible entry and detainer. Unquestionably, sole jurisdiction in the eviction action is conferred on the Municipal Court. However, the entire proceedings were remanded. Inasmuch as the original certification was invalid, we think the Common Pleas Court very properly remanded the entire proceedings. No cause of action was dismissed; all causes are still pending. When the Municipal Court exhausts its jurisdiction the matter may be certified again.

Was the order of remand a final order within the provisions of Section 2505.02, Revised Code? The pertinent part of such section is as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

In our opinion a substantial right of the appellant was not affected. The appellant has his day in court. No substantial right has been adjudicated. In 2 Ohio Jurisprudence (2d), 600, Section 33, it is stated that "a final order or judgment is one disposing of the whole case or some separate and distinct branch thereof." See cases cited therein.

The motion to dismiss is hereby sustained.

The motion to require the appellant to file a supersedeas bond is overruled.

In the event the appellant takes an appeal from the order of this court, the court will entertain an application to fix bond.

*Judgment accordingly.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.