THE STATE, EX REL. HORN, *v.* CINCINNATI MUNICIPAL COURT ET AL.

(No. 8482—Decided June 23, 1958.)

*Messrs. Brown, Schulzinger & Immerman,* for relator.
*Mr. Wm. Ruger,* for respondents.

*Per Curiam.* This action in procedendo originating in this court seeks to require the Municipal Court of Cincinnati to comply with a mandate from the Court of Common Pleas of Hamilton County, as follows:

"It is therefore hereby ordered, adjudged, and decreed that this cause be remanded forthwith to the Cincinnati Municipal Court for proceedings forthwith on the petition of the plaintiff, and that a special mandate be sent to the Cincinnati Municipal Court to carry this judgment to execution."

It appears that on April 30, 1958, relator filed a petition in the Municipal Court in forcible entry and detainer under Section 1923.01 *et seq.*, Revised Code. On May 16, 1958, the defendant,

by leave, filed an answer and cross-petition, praying for relief in equity and for an amount in money in excess of the jurisdiction of the Municipal Court.

In attempted compliance with Section 1901.22 (E), Revised Code, which reads: "In any action in a Municipal Court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the Court of Common Pleas, except in the Cleveland Municipal Court," the Municipal Court of Cincinnati certified the proceedings to the Court of Common Pleas. The proceeding there resulted in the mandate quoted above. Thereafter, again, the Municipal Court took the view it could not proceed and, again, ordered certification to the Court of Common Pleas.

This original action seeks to have the Municipal Court comply with that mandate.

While the Court of Common Pleas does not have original jurisdiction in forcible entry and detainer actions by Section 1923.12, Revised Code, it has optional jurisdiction to hear exceptions on appeal from a final order in forcible entry and detainer. By analogy, it might be argued that the Court of Common Pleas has similar jurisdiction under the language of Section 1901.22 (E), Revised Code. But the statutes fail to say so.

A reading of the mandate reveals that it is confined to proceedings on the plaintiff's petition only, so that apparently the issues raised by the cross-petition are still pending in the Court of Common Pleas. This malaprop situation has been created by the parties themselves, and a perusal of the statutes shows it could have been avoided.

It would be a simple matter for the Legislature to give jurisdiction to the Court of Common Pleas upon certification of the proceedings under Section 1901.22, Revised Code, but the judicial branch of the government may not do so.

It is therefore ordered, adjudged, and decreed that a writ of procedendo issue, commanding the Municipal Court of Cincinnati to proceed upon the petition of the plaintiff in forcible entry and detainer in accordance with law.

*Writ allowed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.