KUHN ET AL., APPELLEES, v. GRIFFIN, APPELLANT.

[Cite as Kuhn v. Griffin, 3 Ohio App. 2d 195.]

196

(No. 5795—Decided January 27, 1964.)

*Mr. Anthony Pizza,* for appellees.
*Mr. James Slater Gibson,* for appellant.

Fess, J. This is an appeal on questions of law by defendant, appellant herein, from a judgment of the Municipal Court of Toledo awarding plaintiffs possession in an action for forcible entry and detainer. The action was instituted by plaintiffs filing a petition in forcible entry and detainer upon a printed form entitled "Landlord's Complaint."

The complaint alleged that defendant entered upon the premises as a vendee under written contract to purchase same; that the defendant is in default for payment as provided "therein"; that the contract expired on November 1, 1962, and from that time defendant has unlawfully and forcibly held over her term; and that such contract provides for immediate possession upon default. After alleging service of notice, plaintiffs ask process and restitution.

By way of answer and cross-petition, after admitting the execution of the land contract, defendant alleged that the contract expressly provided that the vendor should satisfactorily complete repairs on the property in compliance with the requirements of occupancy of the city of Toledo, and that such repairs had not been made; and, after setting forth certain payments and expenditures, defendant prayed for an accounting and judgment against plaintiffs for such sum as might be found due and for other and further relief.

Upon trial by the court, the cross-petition of the defendant was dismissed without prejudice, and judgment was rendered in favor of plaintiffs for possession. No bill of exceptions is presented incident to the appeal, but at request of the defendant the court made and entered conclusions of fact and conclusions of law as follows:

"1. Prior to December 1, 1961, defendant occupied the premises involved herein under a lease option. Prior to the exercise of said option, which defendant did exercise, as shown by Defendant's Exhibit No. 1, William A. Davis Realty, agent of plaintiffs, made written representation to defendant that the premises in question complied with all applicable requirements of the city of Toledo. Said premises did not at that time comply with all of the applicable requirements of the city of Toledo.

"2. On December 1, 1961, the parties entered into a land

contract concerning the premises involved herein. Said land contract is marked Joint Exhibit A.

"3. Said land contract in part provided:

" 'It is hereby stipulated and agreed that said entire land contract is subject to the satisfactory completion of repairs on said property so that all city of Toledo requirements of occupancy are met in writing from the city of Toledo.'

"4. Continuously until the month of November 1, 1962, defendant regularly paid monthly payments in accordance with the provisions of said land contract.

"5. On or about September 1, 1962, defendant, through her attorney, in writing demanded that plaintiffs fully and completely comply with the terms of the land contract and the representations made with reference to the property before said land contract was executed.

"6. A. The plaintiffs submitted exhibits marked 1, 2, and 3.

"B. The court finds that the plaintiffs have failed to comply with a Toledo Board of Health Order, dated November 18, 1959, and have still failed to comply with said order in the following respects, to wit:

"I. 'Repair walls and ceilings where necessary.'

"II. 'Have existing plumbing fixtures and appurtenances put in good state of repair.'

"7. Thereafter, and for the space of more than nine months, defendant has failed to make monthly payments as called for in said land contract.

"8. Plaintiffs filed landlord's complaint July 5, 1963, against the defendant asking for possession and restitution.

"9. Plaintiffs did give defendant a notice in writing to leave said premises on June 29, 1963.

"10. Defendant, on July 16, 1963, filed an answer and cross-petition."

The conclusions of law are as follows:

"1. On September 5, 1963, on oral motion of counsel for plaintiffs, defendant's cross-petition was dismissed without prejudice. The court concludes that as a matter of law the subject matter of this cross-petition is improper in an action in forcible entry and detainer, except as a defense only to the plaintiffs' action for possession.

"2. The landlord's complaint, being a statutory proceed-

ing, the sole issue to be determined by the court is the right of possession.

"3. The breach of the contract by defendant in failing to make the monthly payments required under said contract is such a breach as to permit plaintiffs to treat the contract as void and to re-enter said premises, as provided in said contract.

"4. Failure of plaintiffs to complete repairs set forth in item 6 of the statement of facts herein is not such as to excuse defendant from making monthly payments required under said contract.

"5. Plaintiffs are entitled to possession of the premises."

Defendant, appellant herein, assigns as error:

"1. The judgment as rendered in Toledo Municipal Court is not supported by the facts as found by the trial court.

"2. The Toledo Municipal Court erred in assuming jurisdiction of this cause of action as an action for forcible entry and detainer.

"3. The Toledo Municipal Court erred in dismissing appellant's cross-petition.

"4. The judgment of the Toledo Municipal Court is contrary to the evidence and is contrary to law."

The principal question to be determined upon this appeal is whether in an action brought in a Municipal Court for forcible entry and detainer under the terms of a land contract the defendant vendee may assert legal and equitable defenses or remedies.

The action of forcible entry and detainer has long been recognized as an action of a solely possessory nature. The gist and foundation of the action is the right to present possession and this is the sole ultimate issue in the case.

Under the old justice of the peace practice it appears that the only pleading contemplated in a forcible entry and detainer suit was the complaint and no provision was made by statute for a statement of defense by way of answer, although the filing of an answer or of a plea of not guilty was permissible. 24 Ohio Jurisprudence 2d 475, Section 19. All legal defenses, as distinguished from equitable defenses, could be made under a plea of not guilty. *Schmidt* v. *Hummell*, 81 Ohio App. 167. Since a justice of the peace had no equitable jurisdiction (*Sloane* v. *Clauss*, 64 Ohio St. 125) equitable defenses were not

available in such actions. *Utzinger Co.* v. *Schroyer*, 47 Ohio Law Abs. 142; *Carey* v. *Richards*, 4 W. L. M. 251, 2 Dec. Rep. 630; *State, ex rel. Powers,* v. *Paul,* 11 W. L. M. 234, 9 Dec. Rep. 226; *Katsampos* v. *Hull,* 17 O. D. N. P. 747; *Kent* v. *Kent,* 27 Ohio Law Abs. 254. It has been intimated that where a defendant had a good defense calling for the exercise of equitable jurisdiction on the part of the justice of the peace, pleading and proof thereof would defeat an action of forcible entry and detainer. *Adair* v. *Crepps,* 81 Ohio App. 136; *Williams* v. *Gordon,* 53 Ohio Law Abs. 464; *Peppe* v. *Knoepp,* 103 Ohio App. 223. But the mere availability of an equitable defense, without any pleading or proof thereof, did not oust the justice of the peace of jurisdiction. *Raab* v. *Guest,* 48 Ohio Law Abs. 29.

Under Section 583, Revised Statutes (Section 1909.02, Revised Code, prior to its amendment in 1959), justices of the peace were accorded jurisdiction to "try the action of forcible entry and detention or the detention only of real property." In Chapter 9 of the Revised Statutes (Chapter 1923, Revised Code) dealing with forcible entry and detainer, Section 6599 (Section 1923.01, Revised Code), a justice of the peace was also empowered to inquire into and determine unlawful entry and detainer of lands. But Section 591, Revised Statutes (Section 1909.10, Revised Code), provided that justices of the peace should not have cognizance of any action on contracts for real estate or in actions in which the title to real estate was sought to be recovered, *i. e.*, ejectment, or might be drawn in question. In 1959 (in 128 Ohio Laws 823, 843), paragraph (E) of Section 1909.02, Revised Code, as it previously existed, according jurisdiction to County Courts to try the action of forcible entry and detainer, was deleted, but Section 1923.01, Revised Code, according such jurisdiction to County Courts, was re-enacted and retained. 128 Ohio Laws 843 and 858.

Chapter 1923 of the Revised Code confers jurisdiction upon County Courts to inquire into unlawful and forcible entry and detainer, defines the persons subject to such proceedings, and outlines the procedure incident to enforcement of the action. Section 1923.03, Revised Code, provides that judgments under such chapter, either in the County Court or in the Common Pleas Court, are not a bar to a later action brought by either party.

Judgments of Municipal Courts are not included in this section and inferentially such judgments of Municipal Courts might bar a later action.

Parenthetically, it may be observed that this statutory reference in Section 1923.03, Revised Code, to judgments of the Common Pleas Court is wholly inconsistent with certain decisions of Courts of Appeals holding that the Common Pleas Court does not have original jurisdiction in forcible entry and detainer actions. *Harbine* v. *Davis*, 41 Ohio Law Abs. 65; *Mann* v. *Sexton*, 99 Ohio App. 47; *State, ex rel. Horn*, v. *Cincinnati Municipal Court*, 108 Ohio App. 57; *Lynam* v. *Schueler*, 79 Ohio App. 101, 105; *Williams* v. *Gordon*, 53 Ohio Law Abs. 464, 467. In our opinion such decisions are unsound. The Court of Common Pleas has original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace. Section 2305.01, Revised Code (Section 456, Revised Statutes; Section 11215, General Code). The sole exclusive original jurisdiction conferred upon justices of the peace was in civil actions for the recovery of sums not exceeding one hundred dollars. Section 1909.04, Revised Code (Section 585, Revised Statutes; Section 10226, General Code). Section 583, Revised Statutes, Section 10224, General Code, and Section 1909.02, Revised Code, merely conferred jurisdiction and authority to try the action of forcible entry and detainer without conferring either original or exclusive jurisdiction in such cases. The chapters of the several Codes dealing with forcible entry and detainer merely empowered justices of the peace to inquire into unlawful and forcible entry into lands. Therefore, in our opinion, decisions holding that the Common Pleas Court has no original jurisdiction in forcible entry and detainer are unsupported by the statutory provisions which are the sole source of jurisdiction of the Common Pleas Courts.

Jurisdiction in forcible entry and detainer is confided in Municipal Courts under Section 1901.18 (A), Revised Code, in any civil action, of whatever nature or remedy, wherein judges of County Courts have jurisdiction, and also under paragraph (H) in any action of forcible entry and detainer. Paragraph (C) provides:

"(C) In any action at law based on contract, to determine,

preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto;"

Although County Courts are denied jurisdiction (as were justices of the peace) in any action on contracts for real estate and any action for the recovery of real estate or in which the title to real estate is drawn in question under Section 1909.10, Revised Code, no such limitation is imposed upon the jurisdiction of Municipal Courts. *Haas* v. *Gerski*, 175 Ohio St 327, inferentially overruling *Lynam* v. *Schueler*, 79 Ohio App. 101, holding that the Dayton Municipal Court had no jurisdiction where the title to real estate is drawn in question.

In contrast to the extremely limited jurisdiction of the justices of the peace, the Municipal Courts, although courts of limited jurisdiction, are courts having broad powers to hear and determine all rights, both legal and equitable, for a complete determination of the rights of the parties.

Forcible entry and detainer is a summary statutory proceeding, strictly possessory in nature, providing a remedy for the protection of the actual possession of realty against forcible invasion in cases coming fairly within the terms of the statute and is merely cumulative of any other remedy that a party may have. 36A Corpus Juris Secundum 961; 24 Ohio Jurisprudence 2d 454. Although largely employed in cases wherein the relation of landlord and tenant exists, in a number of jurisdiction, including Ohio, a vendor under a land contract has been accorded the remedy against a defaulting vendee. In Ohio under the Revised Statutes, General Code and Revised Code, justices of the peace were accorded jurisdiction to try actions of forcible entry and detainer but were denied jurisdiction in actions "on contracts for real estate, and in actions for the recovery of title to real estate, or in which title might be drawn in question." Many years ago the Supreme Court in *Crafts* v. *Prior* (1894), 51 Ohio St. 21, held that actions for the purchase price of real property, when founded on a contract of sale, were actions "on contracts for real estate" and not within the jurisdiction of justices of the peace. Several Courts of Appeals have attempted to distinguish the *Crafts case* on the ground that no

forfeiture clause was involved in *Crafts. Felger* v. *Thompson,* 27 Ohio App. 310; *McGriff* v. *Hays,* 29 Ohio Law Abs. 534. Cf. *State, ex rel. Morgan,* v. *Stevenson, Justice of Peace,* 39 Ohio App. 335; *Holley* v. *Bradley,* 24 Ohio Law Abs. 132; *State, ex rel. Kennelly,* v. *Miller, Judge,* 43 Ohio App. 173. Subsequent decisions also seem to make the distinction that forcible entry and detainer will lie upon contracts containing a forfeiture clause, but not otherwise. *Adair* v. *Crepps,* 81 Ohio App. 136; *State, ex rel. Everson,* v. *Municipal Court of Barberton,* 98 Ohio App. 177; *Sternberg* v. *Washington,* 113 Ohio App. 216.

A majority of this court is inclined to disagree with these authorities, holding that forcible entry and detainer could be had upon a land contract which contained a forfeiture clause and could not be had if no such clause were involved. It seems to us that whether a forfeiture clause is involved, the action in forcible entry and detainer is brought upon a contract for real estate and neither a justice of the peace had nor a County Court has jurisdiction to entertain it. Nor should forcible entry and detainer be available as a remedy in a court of extremely limited jurisdiction where the proceeding is instituted by a vendor under a land contract. There is a marked distinction in resorting to the remedy between a landlord under a lease and a vendor under a land contract. Under a land contract the vendee is regarded as the holder of the equitable title to the premises and thereby entitled to the possession thereof while the vendor is the holder of the legal title. Long ago the Supreme Court said that the vendor, after sale, has no interest in the estate, unless it be an equitable lien for the purchase money, and so far as this lien is concerned, the vendee holds the land as trustee to the vendor, and not as tenant, lessee, guardian in socage or chivalry —terms that are strangers to our system. *Stauffer* v. *Eaton* (1844), 13 Ohio Rep. 322 at p. 335. In an action for forcible entry and detainer brought upon a land contract, the question of title is necessarily involved. In a landlord's complaint the tenant is estopped to deny the landlord's title. Forcible entry and detainer results in depriving the vendee of his equitable title. In an action brought upon a land contract, the vendee may have made a substantial down payment or may have made substantial payments on the contract or on repairs during the period of his occupancy. As a result, the vendee may have ac-

quired a substantial equity in and to the premises at the time judgment for possession is rendered against him. Equity abhors a forfeiture. But in the conclusion we have reached we are not required to decide this question, and render a decision contrary to the authorities referred to above.

With regard to the dismissal of the cross-petition in the instant case, it is said that, in the absence of a statute providing to the contrary, it is firmly established that a setoff or counterclaim may not be interposed in an action of forcible entry and detainer. There is no distinction in the authorities between cases where the subject matter of the attempted counterclaim or cross-complaint arises out of a violation of the terms of the lease upon which the action is brought and other cases where it does not. 32 American Jurisprudence 855. The cases cited in support of the text are landlord and tenant cases and not actions upon land contracts. In 28 A. L. R. 2d 477, in an annotation supplementing 28 A. L. R. 1490, and 116 A. L. R. 1238, it is stated:

"As was true with respect to the cases discussed in the original annotation, the recent cases indicate, at least as respects results, a divergence of view on the availability, in a landlord's suit to recover possession, of a setoff or recoupment based on his breach of covenant to repair."

Cases denying the right of setoff are *Reaume* v. *Brennan* (1941), 299 Mich. 305, 300 N. W. 97; *Shehane* v. *Eberhart* (1924 Ga.), 158 Ga. 743, 124 S. E. 527, 33 Ga. App. 23, 125 S. E. 506; *Frasier* v. *Witt* (1923), 62 Cal. App. 309, 217 P. 114. Cases permitting a tenant to interpose a counterclaim for breach of the landlord's duty to repair are *240 W. 37th Street Co.* v. *Lippman* (1934), 241 App. Div. 529, 272 N. Y. S. 739; *Coleman Holding Corp.* v. *Altman* (1934), 150 Misc. 724, 270 N. Y. S. 81; *Gilbert* v. *Young* (1924, Texas Civ. App.), 266 S. W. 1113; *Fenham, Inc.,* v. *Safeway Stores* (1947), 76 N. Y. S. 2d 308.

The general rule, as stated in 36A Corpus Juris Secundum 989-991, Section 27, is that in forcible entry and detainer proceedings defendant may set up any and all defenses which would bar plaintiff's right of recovery. On the other hand, it has been stated that equitable defenses are not available in such proceedings unless there is special statutory authority therefor. *Schmidt* v. *Hummel*, 81 Ohio App. 167, is cited to the effect that legal

defenses only may be asserted because the Municipal Court of Dayton did not have equitable jurisdiction. This decision has become obsolete since the enactment of Section 1901.18 (C), Revised Code, conferring equitable jurisdiction on Municipal Courts.

It is also stated in 36A Corpus Juris Secundum 992, that, in the absence of statutory authorization, generally no setoff, counterclaim, cross-complaint or cross-demand in the nature of recoupment can be interposed in forcible entry and detainer proceedings. But in our opinion in Ohio there is statutory authorization under paragraph (C) of Section 1901.18, Revised Code.

In Ohio if, upon breach of a landlord's agreement to make repairs, the tenant himself makes the repairs, he may set off the cost of the repairs in an action by the landlord for rent. *John Meckes & Sons Co.* v. *American Meat Co.*, 96 Ohio App. 17; and the tenant may in a cross-petition seek damages resulting from breach, such as the landlord's breach of his agreement to make repairs. *Sibley* v. *Ross*, 8 N. P. 655, affirmed in *Ross, Moyer & Co.* v. *Sibley*, 52 Ohio St. 668.

It is of some significance that the remedy of forcible entry and detainer is not mentioned in the title "Vendor and Purchaser" in Ohio Jurisprudence 2d, although other remedies, such as ejectment, are discussed. We are not unaware of the historical distinction between the remedy of forcible entry and detainer and ejectment. Forcible entry and detainer is a summary proceeding which affects only the plaintiff's right of possession. *Smith* v. *Findlay*, 2 Handy 69, 12 Dec. Rep. 334, holding that the pendency of an action for forcible entry and detainer upon error from a justice of the peace in the Common Pleas Court was not another action pending which would constitute a bar to another action in ejectment, pointing out that the judgment in the former action under the statute (51 Ohio Laws, 203; S. & C. 792; Section 1923.03, Revised Code) was not a bar to any after action brought by either party. By reason of the limited jurisdiction of a justice of the peace and the summary nature of the proceeding limited exclusively to the plaintiff's right of possession, and the provision that a judgment therein should not be a bar to any further action brought by either party, there was justification for holding in

forcible entry and detainer that no setoff or counterclaim could be asserted by the defendant. But as hereafter indicated, the reasons underlying such decisions are no longer applicable to actions for forcible entry and detainer brought in a Municipal Court.

Under the Municipal Court Act, original jurisdiction is specifically conferred upon Municipal Courts in any action of forcible entry and detainer. Incident to the exercise of such jurisdiction in any action at law based upon contract, it has jurisdiction to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto. No limitation is imposed upon such broad grant of jurisdiction in forcible entry and detainer by the provisions of Chapter 1923 of the Revised Code, or elsewhere.

In *Barr Hotel Co.* v. *Lloyd MacKeown Buick Co.*, 104 Ohio App. 69, the opinion states, at page 73:

"There is a line of cases which arose under various former statutes pertaining to the jurisdiction of individual Municipal Courts when originally created holding that such courts do not have jurisdiction of forcible entry and detainer actions when equitable questions are involved, on the ground that the jurisdiction of Municipal Courts in such cases is no greater than that of justices of the peace who have no equity jurisdiction. An examination of these various statutes discloses that the Municipal Courts were either given no jurisdiction to determine equitable questions raised in forcible entry and detainer cases or that their jurisdiction in such cases was derived specifically and entirely from the statutory provisions giving Municipal Courts jurisdiction in any civil action wherein justices of the peace have jurisdiction. However, all Ohio Municipal Courts now derive their jurisdiction from the provisions of the Municipal Court Act adopted by the Legislature in 1951. * * *"

In reaching this conclusion, the court refers to paragraphs (C) and (H) of Section 1901.18, Revised Code, and cites *Sorrels* v. *Pugliesi*, 67 Ohio Law Abs. 193, and *Rea* v. *Helsley*, 86 Ohio App. 114. The *Barr case* was a landlord-tenant case but the

same principles apply to a land contract case. See also *Rea* v. *Helsley*, 86 Ohio App. 114, and *Sternberg* v. *Washington*, 113 Ohio App. 216, holding that in an action in forcible entry and detainer it is not improper to join a cause of action to recover the real property with a cause of action for damages in withholding it.

Thus Ohio has a statute requiring the Municipal Court in an action in forcible entry and detainer to hear and determine all legal and equitable remedies including setoff and counterclaim, and the rule denying such right as set forth in 22 American Jurisprudence 940, and 36 Corpus Juris Secundum 992, and former cases dealing with such actions filed in justice of the peace courts and Municipal Courts is inapplicable to an Ohio Municipal Court.

Furthermore, Section 1901.21, Revised Code, provides in part in the second paragraph thereof that in any civil case or proceeding if no special provision is made in the Municipal Court Act, the practice and procedure shall be the same as in Courts of Common Pleas. Section 2309.14, Revised Code, relating to procedure in the Common Pleas Courts, provides that the defendant may set forth in his answer as many grounds of defense or counterclaim as he has, whether such are legal or equitable, or both.

A majority of this court, therefore, concludes that the Municipal Court erred to the prejudice of the defendant in dismissing her cross-petition.

As above indicated, the trial court's conclusions of fact found that the plaintiffs had failed to comply with the terms of the land contract requiring them to complete certain repairs. There is no finding that such repairs were completed prior to the institution of the action. Nevertheless, the court found as a conclusion of law that the failure of plaintiffs to complete repairs is not such as to excuse defendant from making monthly payments required under said contract. This conclusion might be true upon a finding that the obligation of plaintiffs to repair was a so-called independent covenant but it is not so found. It is therefore concluded that this conclusion of law is not supported by the conclusions of fact and that the trial court erred in this respect to the prejudice of the defendant.

The judgment of the Municipal Court is reversed and the cause is remanded thereto for a new trial.

*Judgment reversed.*

SMITH, J., concurs.

DEEDS, J., dissenting. It is my view as determined by the Municipal Court that the defendant in that court was entitled to show by evidence the default of plaintiff-owners in failing to comply with certain provisions of the land contract, but was not entitled to an adjudication of the specific issues presented by defendant's cross-petition.

It seems clear that the injection and adjudication of equitable and other issues in an action for forcible entry and detainer would necessarily change the nature of the action from its intended limited purpose of determining the right to the immediate possession of certain real property.

This view of the intended character of the action in forcible entry and detainer is supported by a statement appearing in the opinion in *Haas* v. *Gerski,* 175 Ohio St., 327, at p. 330, as follows:

"* * * An action in forcible entry and detainer is solely a possessory action. *Carroll* v. *O'Conner* (1874), 25 Ohio St., 617. It does not determine the title to real property. The gist of the action is the right to present possession. 24 Ohio Jurisprudence (2d), 455, Forcible Entry and Detainer, Section 3. * * *"

Also, see *Price* v. *Insande,* 20 Ohio App. 19, and Section 1923.03, Revised Code.

It is my opinion, therefore, that the judgment of the Municipal Court should be affirmed.