**Robert SHAW and Marie Shaw, Petitioner(s),**

v.

**NANOOK, INC., an Alaskan Corporation, Respondent(s).**

**Nos. S–10827.**

Supreme Court of Alaska.

Feb. 14, 2003.

C. R. Neil Kennelly, Stepovich, Kennelly & Stepovich PC, Anchorage.

Jeffrey P. Stark, Delaney, Wiles, Hayes et al., Anchorage.

Before: FABE, Chief Justice, MATTHEWS, BRYNER and CARPENETI, Justices.

**Order** Petition for Hearing

On consideration of the Petition for Hearing filed **10/17/02,** and the response filed **11/1/02,**

**IT IS ORDERED:**

---

The petition for hearing is **DENIED** IN PART and **GRANTED** IN PART, as follows:

 The petition for hearing is **DENIED** on the question whether disability access is an essential service under AS 34.03.180. As Nanook points out, many residential units do not have elevators for second story apartments and are not equipped with wheelchair accessible doorways or ramps. The Landlord–Tenant Act does not speak to a landlord's obligation to provide disability access. And here, Nanook did nothing to prevent the Shaws from creating their own access ramp to the property. The result in this case might be different if Nanook had refused to permit the Shaws to make reasonable modifications at their own expense in order to afford Marie Shaw reasonable enjoyment of the premises. *See, e.g., Bachman v. Swan Harbour Ass'n,* 252 Mich.App. 400, 653 N.W.2d 415 (2002).

 The petition for hearing is **GRANTED** on the question whether the district court lacks the authority to decline to evict, conditioned on immediate payment of all back rent owed, if it finds that the Shaws were reasonable in believing that they were justified in withholding the rent. The district court's decision on this issue is **REVERSED** and the case is **REMANDED** for further proceedings in the district court. Because the legislature has given the district court jurisdiction over forcible entry and detainer actions, the district court has the power to order all equitable remedies that a court of general jurisdiction could use in resolving the same cause of action. We have previously declined to limit the district courts' jurisdiction in the absence of explicit statutory language. *See Stephens v. Hammersley,* 552 P.2d 652, 654 (Alaska 1976) (holding that without clear intent on part of the legislature, we would not exclude from the district court's lien foreclosure jurisdiction liens dealing with real property, reasoning that in granting jurisdiction, the legislature clearly intended to expand the district court's jurisdiction into a realm previously occupied exclusively by the superior court); *accord Rea v. Helsley,* 86 Ohio App. 114, 90 N.E.2d 168, 169–70 (1949) (affirming municipal court's denial of eviction order against tenant who paid rent late because she sent the check to the wrong address).

Entered by direction of the court.

EASTAUGH, Justice, not participating.