## STATE ex MORGAN v STEVENSON

Ohio Appeals, 2nd Dist, Franklin Co
No. 2052. Decided June 11, 1931

G. C. Raver, Columbus, for State ex Morgan.

W. S. Lyman, Columbus, for Stevenson.

LEVINE, J, (8th Dist) sitting in place of KUNKLE, J.

LEVINE, J.

The law is well settled that a vendee who enters into possession of real estate under a land contract becomes the equitable owner of the property as long as the land contract remains uncancelled and in force.

It is quite apparent that in order to grant a writ of eviction upon the plaintiff's complaint the Justice of the Peace would, of necessity, be called upon to pass on certain questions of fact which will determine whether or not the land contract shall be declared cancelled and as of no effect whatsoever. §10232 GC in express terms provides that Justices shall not have jurisdiction.

5. "In actions on contract for real estate.

6. In actions in which the title to real estate is to be recovered, or may be drawn in question, except in the cases provided for in the next preceeding section."

Giving the language of the code its apparent meaning there can be no question that the Justice of Peace is without jurisdiction to hear and determine the present action, because the title to real estate is clearly involved, as the equitable interests which arise by reason of the land contract would have *to be judicially determined. Justices of Peace concededly have no power to determine such questions. They are exclusively within the province of courts of equity.

The writ of prohibition is a specific remedy of an extraordinary character and is used because of the inadequacy of ordinary remedies. Its proper scope and purpose is to keep inferior courts and tribunes within the limits of their own jurisdiction and to prevent an encroachment upon the jurisdiction of other tribunals.

It may be contended in this case that ordinary remedies would afford relief to the relator as by the filing of petition in error to the proper court in the event of a judgment of eviction against the relator. Such a remedy is clearly inadequate in a forcible entry and detainer case as under the law the defendant is required to furnish bond and the mere filing of petition in error would not stop the order of eviction when so rendered by the Justice of Peace. Nor would the filing of a petition in error stop or restrain similar eviction actions. The relator, in our opinion, is within his constitutional rights in seeking this extraordinary remedy of writ of prohibition.

It is contended by the defendant in the case at bar that because of the default in payments on the part of the relator the land contract was thereby rendered void and of no effect and that therefore the relator cannot defend the action on the basis of such land contract. A complete answer to this contention is that in order to render the contract void and in order to work a cancellation of same, certain questions of fact would have to be first determined. In other words, a court of competent jurisdiction would have to pass upon the evidence in order to determine whether the conditions of the land contract were broken so as to render the contract subject to cancellation. The land contract remains in force until a court of competent jurisdiction orders its cancellation. It does not automatically become void.

In view of the foregoing considerations, we are of the opinion that a writ of prohibition shall issue in this case restraining the Justice of the Peace from proceeding with the action pending before him. A journal entry will be drawn accordingly.

ALLREAD, PJ, and HORNBECK, J, concur.