## MORSE v STATE ex EMPIRE PETROLEUM CO

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 30, 1931

Mr. Daniel J. O'Rourke, Toledo, for plaintiff in error.

Mr. George W. Dougherty, Toledo, for defendant in error.

RICHARDS, J.

The rights of the parties are controlled by the statutes establishing and governing the Municipal Court of the city of Toledo.

**Sec 1579-286, GC,** so far as pertinent to this case, provides as follows:

"The Municipal Court shall have and exercise original jurisdiction **within the limits of the city of Toledo** as follows:

"1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction. * * *

"8. In all actions in forcible entry and detention of real property."

No uncertainty can exist as to the interpretation of the above provisions.

**Sec 1579-289, GC,** provides, so far as pertinent to this case, as follows:

"The Municipal Court shall have jurisdiction **within the limits of the county of Lucas:** * * *

"4. In actions and proceedings where one or more defendants reside or are served with summons in the city of Toledo. * * *

"6. In all actions, criminal, quasi-crim-

inal, civil and preliminary hearings, in which justices of the peace have or may be given jurisdiction coextensive with the county in which they are elected and preside."

Sec 1579-293, GC, provides as follows:

"No justice of the peace in any township in Lucas county, or mayor of any village in Lucas county, in any proceedings, whether civil or criminal, in which any warrant, order of arrest, summons, order of attachment or garnishment or other process, except subpoena for witnesses, shall have been served upon a citizen or resident of Toledo or a corporation having its principal office in Toledo, shall have jurisdiction, unless such service be actually made by personal service within the township or village in which said proceedings may have been instituted * * *."

As the provisions quoted are all contained in the act creating and establishing a Municipal Court in the city of Toledo, and defining its jurisdiction, they must all be construed together. This is particularly true of subdivision 6 of §§1579-289 and of 1579-293 GC. Under the provisions of the latter section a justice of the peace of any township in Lucas county has no jurisdiction in a proceeding in forcible entry and detainer as to real estate located in the city of Toledo and owned by a citizen or resident of Toledo or a corporation having its principal office in Toledo, unless personal service be actually made within the township in which the suit is instituted. Conversely, the Municipal Court of the city of Toledo has no jurisdiction in a proceeding in forcible entry and detainer as to real estate located in the county of Lucas outside of the city of Toledo and owned by a citizen or resident of such outlying district, or a corporation having its principal office in said district, unless personal service be actually made within the city of Toledo where the action was instituted.

In the same measure in which the statute metes out jurisdiction to a justice of the peace of a township in Lucas county in a forcible entry and detainer case, as to real estate located in the city of Toledo, it metes out jurisdiction to the Municipal Court of the city of Toledo as to real estate located in the county of Lucas but outside of the city limits. It is not claimed that appearance was entered in the action in the Municipal Court, so it is not important to inquire what effect, if any, that would have if it were done.

Counsel cite §§10224 and 10447, GC, relating to the general jurisdiction of justices of the peace in forcible entry and detention cases. Those sections were enacted prior to the Municipal Code of the city of Toledo, and their application to real estate located in the city of Toledo, and to real estate located in Lucas county outside of said city, must be limited by the provisions of the Municipal Code.

It being stipulated that the real estate involved in the original action is located outside of the city of Toledo, and that the defendant in that action was not a resident of the city, nor served therein, the Municipal Court had no jurisdiction of the action and the marshal of said court was justified in refusing to execute the writ of restitution.

For the reasons given, the judgment will be reversed, and final judgment rendered for plaintiff in error, Wilbur S. Morse.

LLOYD and WILLIAMS, JJ, concur.