**HARBINE, JR., Plaintiff-Appellee v. DAVIS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1769.   Decided January 13, 1944.

66

John T. Harbine, Jr., Xenia, for plaintiff-appellee.
A. W. Rothenberg, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

This action is in this court on appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County, affirming a judgment of the Municipal Court of Dayton. We have before us the transcript of Docket and

Journal Entries of the Common Pleas Court and of the Municipal Court.

In the Municipal Court, an action was begun by the plaintiff on September 18, 1942, in which the plaintiff seeks to recover from the defendant certain real estate which he alleges the defendant unlawfully and forcibly detains from him.

It is alleged that on the 31st day of July, A. D., 1942, the plaintiff served upon the defendant notice in writing to leave the premises, and that the action is brought because of the failure of the defendant to pay rent and the plaintiff seeks restitution of said premises. Notice of the action was served upon the defendant personally.

On September 25, 1942, the Municipal Court entered judgment, finding that the cause came on to be heard, and it appearing that the defendant was duly and legally served with process, and was in default for answer and appearance, the court found the facts set forth in plaintiff's statement of claim to be true, and that the plaintiff should have restitution of the premises, and it was ordered that the plaintiff have such restitution and recover his costs.

The defendant on October 5, 1942, filed in the Municipal Court a motion to vacate the judgment and to stay the writ of restitution for the reason:

"1. The defendant was not aware of the pendency of this cause until after default judgment had been granted.

2. The defendant has a good and meritorious defense to the allegations set forth in the Statement of Claim of the plaintiff and is entitled to assert said defense and is entitled to his day in Court.

3. For any and all irregularities in the Statement of Claim of the plaintiff and in the rendition of said default judgment."

On October 6, 1942, the motion of the defendant was overruled and the defendant gave notice of his appeal to the Common Pleas Court on questions of law. The cause was filed in the Court of Common Pleas and on February 8, 1943, that court affirmed the judgment of the Municipal Court and rendered judgment against the plaintiff for costs. Thereupon the defendant gave notice of appeal to the Court of Appeals of Montgomery County, Ohio, on questions of law and the case is now before us.

The defendant-appellant filed in this court the assignment of errors asserting to have been committed by both the Municipal Court and the Court of Common Pleas, specifically stating:

1. The Municipal Court erred in granting a default judgment against the defendant-appellant, for the reason that said Court had no right to grant default judgment in the case, referring to §10454 GC.

2. That the Municipal Court erred in overruling the defendant's motion for new trial.

3. That the Court of Common Pleas erred in sustaining the action of the Municipal Court.

The theory of the defendant is that the Municipal Court erred in granting judgment against him upon his default; asserting that such procedure is forbidden by the provisions of §10454 GC, which provides:

"If the defendant does not appear, and the summons was properly served, the Justice shall try the cause as though he was present."

The section referred to is found in the chapter on "Procedure in Justice's Court" in forcible entry and detainer cases.

The question immediately arises as to whether the action in the Municipal Court is controlled by the statutory provisions specifically providing for actions in forcible entry and detainer before Justices of the Peace. It is claimed by the defendant that the only authority the Municipal Court had to render judgment in such an action was based upon the statute controlling the action before the Justice of the Peace.

Referring to §1579-54, we find that the provisions of that section control civil actions and procedure in the Municipal Court of Dayton, Ohio, by providing that the Municipal Court shall have further jurisdiction in all civil actions and proceedings of which the Common Pleas Court has jurisdiction, irrespective of the amount involved or the nature of the action or procedure; **provided, however,** that when the laws conferring jurisdiction upon a court of common pleas are inconsistent with the act or plainly inapplicable, then the laws which now or may hereafter confer jurisdiction upon a Justice of the Peace with respect to the powers herein enumerated, shall apply.

**The Dayton Morris Plan Bank v Graham et, 47 Oh Ap 310,** relates specifically to the jurisdiction of the Dayton Municipal

Court. The opinion is by Barnes, J., and is worthy of special reading. The substance of three of the syllabi is that the Dayton Municipal Court is controlled by laws conferring jurisdiction on the Common Pleas Courts, except where such laws are inconsistent or plainly inapplicable, in which case the laws conferring jurisdiction on the Justice of the Peace shall apply.

The judge points out that under the amendment of 1927, the provsion of the statute relative to a "police court or justice of the peace" was eliminated and in place thereof was added the provision "that when the laws conferring jurisdiction upon a court of common pleas are inconsistent with the act or plainly inapplicable, then all laws which do or may hereafter confer jurisdiction upon a justice of the peace with respect to the powers herein enumerated shall apply." Barnes, J., states:

"As we construe this amendment, the Municipal Court of Dayton shall be controlled in its actions and proceedings according to the laws conferring jurisdiction upon the Courts of Common Pleas, except where such laws are inconsistent or plainly inapplicable."

It was held that there is nothing in entering a judgment on cognovit inconsistent with the jurisdiction of the Court of Common Pleas, except on the question of amount and that question is governed by the provisions of the statute.

### SETTING ASIDE VERDICT DURING TERM.

The appellee claims the judgment may not be set aside unless a good defense is first shown. In the case of **The City of Cincinnati v Archiable, 4 Oh Ap 218,** the Court of Appeals of Hamilton County held that in the face of the provisions of §11637 GC, a trial court is without discretion to set aside a default judgment even **during the term** in which it was rendered, without first requiring the defendant to show a valid defense and forthwith set it up before an order is made setting the judgment aside. (See numerous cases cited and commented upon in this opinion.)

The last cited case and the cases commented on are claimed by appellant to furnish authority for the conclusion that even where the motion to vacate the judgment is made **during the term,** that it must follow the procedure set forth in §11631 et seq, GC.

The case of **First National Bank v Smith, 102 Oh St 120** was certified by the Court of Appeals of Allen County as in

conflict with the above cited case, and the Supreme Court held that a court of general jurisdiction has control of its own orders and judgments **during the term** in which they are rendered, which control may be exercised within the sphere of sound discretion as an inherent right founded upon common law, and that the provisions of the Chapter referred to relates to the vacation of judgments **after the term** and does not limit a court of general jurisdiction in the exercise of its control over its judgments during the term. See Page 120, Hough, J., delivering the opinion of the Court.

The effect of this decision is that during the term the Court rendering a judgment may set it aside or vacate it not only for the reasons enumerated in §11631 GC, but for any any other reason "within the exercise of sound discretion."

If, as held by the Supreme Court, a court during a term time is only limited by an "abuse of discretion" in granting a motion to vacate a judgment, it must follow that in refusing to grant such a motion, the court is only controlled by sound discretion. There is nothing in the record showing any abuse of discretion upon the part of the trial court in refusing to set aside the judgment rendered within the term.

Neither the Court of Common Pleas nor this court can determine, without knowing what evidence was advanced in the trial court to support the motion to vacate the judgment, that there was an abuse of discretion. The entry does not show that the Court refused to hear evidence supporting the motion. The record is silent as to why the Court refused to set aside this judgment, and we may not say in view of such lack of evidence that the Court abused its discretion.

One of the assignments of error is for all other errors occurring in the trial of the cause. On oral argument and in the briefs it is urged that the trial judge did not observe the procedural requirements of the code when he entered judgment by default; that he should have acted upon the procedure set up for forcible entry and detainer in §10447 et seq, GC, relating to the institution and trial and judgment in such an action in the Justice of the Peace Court. Sec. 10454 GC provides:

"If the defendant does not appear, and the summons was properly served, the Justice shall try the cause as though he was present."

It is the claim of appellant that this was the controlling statute and that it was not observed.

This claim requires a consideration of the applicable pro-visions of the Municipal Court code of the City of Dayton. By the provisions of §1579-51 GC, the Municipal Court of Dayton is given specific jurisdiction in all actions in forcible entry and detainer. No procedural steps are set up for the trial of such actions in the Municipal Court and the only applicable section which throws any light on the subject is §1579-54 GC, which provides as has been already pointed out. The broad effect of this section is to vest in the Municipal Court the same jurisdiction as the Common Pleas Court in all such proceedings or matters wherein the Common Pleas Court had or may be given jurisdiction and that unless such jurisdiction and procedure is inconsistent with the act or plainly inapplicable thereto, the jurisdiction and procedure of the Common Pleas Court will prevail. It follows, that if there is set up direct or inferentially any jurisdiction in the Common Pleas Court to hear and determine forcible entry and detainer cases, then clearly the general procedure followed in the Common Pleas Court would control as to the Municipal Court. A fortiori, if no such jurisdiction is vested in the Common Pleas Court, then there is no basic procedure of the Common Pleas Court which the Municipal Court may follow. We have examined the question with care and interest and it is our conclusion, that the Common Pleas Court has no jurisdiction whatever in forcible entry and detainer. It is a statutory proceeding the sole nature of which and procedure incident thereto being set forth only in the sections of the statute relating to forcible entry and detainer as instituted and carried to conclusion in the Justice of the Peace Court. This being the only place in the statutes where the procedure is set out in detail, it follows that the Municipal Court of the City of Dayton may look to no other statutes to determine its procedure. Section 1579-54 GC, heretofore quoted controls and should have been followed by the municipal judge in the trial of this case.

However, we examine the effect of the failure of the Court to observe the technical provisions of the code as it applies to the necessity of a reversal of the judgment here under consideration. Section 10452 GC, found in the stated procedure in the Justice of the Peace Court provides:

"The summons 'shall not issue herein until the plaintiff files his complaint in writing with the justice, which shall par-

ticularly describe the premises so entered upon and detained, and set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises. The complaint shall be copied into and **made a part of the record.**" (Emphasis ours.)

The complaint filed by the plaintiff in this case in a formal statement of claim, not only sets out all the requisites of the statute which we have just quoted, but further factual statements which, if true, clearly establish plaintiff's right to a judgment. The claim is filed in the form of an affidavit which is positively sworn to and not upon information and belief. There was an affidavit before the court which, by virtue of the statute, is made a part of the record which demonstrates that had a formal trial been conducted, inasmuch as the defendant was not present altho summoned, the result could not conceivably have been different than the judgment which was entered and which we have reviewed.

We may reverse only when the error occurring affects the substantial rights of a party. **Section 11364 GC,** provides that we must disregard any error in the pleadings or proceedings which does not affect the substantial rights of the adverse party. Here we can find no substantial right of the defendant prejudiced.

The defendant in the application to vacate the judgment asserted that he had a good defense but of what that defense consisted nothing appears.

Courts have held both ways on the application, during term, of the provisions of §11637 GC, which provides:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; * * *"

Certainly a trial judge before the vacation of a judgment could, even during term, require, as a prerequisite to the setting aside of a judgment against the defendant, that it clearly appear that the defendant, if the judgment is opened up, has a valid defense thereto. There is nothing in this record to indicate that the trial judge made such a finding in this case.

Judgment affirmed.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.