**LYNAM, Plaintiff-Appellant, v SCHUELER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1891.   Decided May 22, 1946.

T. L. Barger, Dayton, for plaintiff-appellant.
Floyd F. Koogler, Dayton, for defendant-appellee.

258

## OPINION

By HORNBECK, PJ.

This is an appeal from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of the City of Dayton dismissing plaintiff's action in forcible detainer of certain real estate in said city. The first cause of action of the statement of claim is in the usual form of forcible detainer cases. We give no attention to the second cause of action which was for rent claimed to be due.

There was an answer and an amended answer filed and a reply to the original answer but no reply to the amended answer. After a general denial, the amended answer averred that on a date prior to the action in forcible detainer the defendant had filed in Common Pleas Court, Montgomery County, Ohio, an action against David Lynam to which he had filed an answer and that the cause had been partially heard and is now pending in said court, and:

"That the issue raised by the pleadings in said pending case in the Court of Common Pleas is whether or not the plaintiff therein, defendant herein, Matilda Schueler, is the owner of the premises therein described, and being the same premises as described in the statement of claim herein, by virtue of her being the sole devisee and beneficiary under the last will and testament of Elnora Lynam, deceased, or whether David Lynam, defendant therein, plaintiff herein, is the owner of said premises, by virtue of an instrument purporting to be a general warranty deed, which deed is recorded in Deed Book 1051, page 307, of the deed records of Montgomery County, Ohio. That the relief sought by the defendant herein, plaintiff therein, is to have said deed cancelled; that she be declared the owner of said real estate; that her title be quieted and for other equitable relief."

Upon trial had after certain formal proof was offered by the plaintiff, he also introduced a deed from Elnora Lynam to David Lynam, the plaintiff, and proof of its recording. From

the plaintiff it also appeared that the defendant was occupying the premises in question on the date of the death of her niece and continued to so reside thereafter. Upon cross-examination of the plaintiff it was developed that the suit set out in the amended answer of the defendant was pending in the Common Pleas Court and that it had been partially heard. Inquiries made as to the terms of the will of Elnora Lynam, deceased, developed little information on the subject. Upon direct inquiry it was admitted by the plaintiff that a law suit was pending between him and the defendant wherein both claimed ownership to the piece of property involved in the forcible detainer action. Thereupon, counsel for the defendant moved for a dismissal of plaintiff's cause of action because title was involved and the parties should be relegated for relief to a court that had jurisdiction of this subject.

This motion was sustained and the finding entry recites a general finding in favor of the defendant and "the court has no jurisdiction in this cause, and that the statement of claim of the plaintiff should be dismissed." Judgment was entered upon this finding after the overruling of a motion for new trial. This judgment is the subject of the appeal to which ten assignments of error are directed.

We will not recite seriatum the errors assigned but will discuss the questions presented in a more general form. The brief of appellant after setting forth its claims in a general way cites all of his cases under the general heading of "The Law" which is a compendium of much of the adjudication in forcible entry and detainer cases.

It is urged that it was irregular and improper to permit the defendant prior to the opening of his case to offer evidence of his affirmative defense by cross-examination of the plaintiff's witnesses. **Salko, Admx. v Metropolitan Life Insurance Co., 52 Oh Ap 367,** is cited. It is also claimed that "the only pleading contemplated in a forcible entry and detainer suit is a complaint" citing Schmidt v Schmidt, 1 O. N. P. N. S. 177. We have no differences with the authorities cited but are satisfied from the record that the question upon which the trial judge predicated his finding and judgment is clearly projected from the record and in bringing this matter to the attention of the trial judge no prejudicial error occurred.

As claimed by appellant, it is not necessary that any pleading other than the statement of claim or complaint be filed in a forcible entry and detainer suit. However, there can be no serious objection to an answer thereto as was filed in this cause. If the rule as to code pleading is to be given ap-

plication, then the failure of the plaintiff to reply is tantamount to an admission of any factual matter set and well pleaded in the answer. This subject matter of the answer is also substantially elicited from the testimony. All in all, it is obvious that had the court pursued the strict rule as to the admissibility of the subject matter of the answer of the defendant and required that it be withheld until the defendant had offered his case, the result would have been no different. It is apparent that the answer sets out the factual situation as to the action pending in the Common Pleas Court between the parties. Nor can it make any substantial difference whether or not the code rule as to pleading be given application because, if it be held that the failure to reply is an admission of the averments of the answer, the admission only goes to the extent of conceding that suit is pending between the parties in the Common Pleas Court, the subject matter of which is as alleged. No prejudicial error intervened against the rights of appellant in the action of the trial judge in acting upon the the issue drawn between the parties in the cause in the Municipal Court. §11364 GC.

The principal and controlling question here is whether or not the trial judge was correct in the conclusion that the Municipal Court was without jurisdiction to decide the forcible detainer action because it involved and required a determination of the question of the title to the land which was the subject of the action.

The Municipal Court is a creature of statute and its jurisdiction is statutory only. State, ex rel. Talaba v Moreland, Judge, 132 Oh St 71.

We have held in Dayton Morris Plan Bank v Graham, et al., 47 Oh Ap 310:

"Dayton Municipal Court is to be controlled according to laws conferring jurisdiction on Common Pleas Courts, except where such laws are inconsistent or plainly inapplicable, in which case laws conferring jurisdiction on justices of peace apply."

See also Harbine, Jr. v Davis, 41 Abs 65.

Forcible entry and detainer is an action of which the Common Pleas Court does not have jurisdiction. Harbine, Jr. v Davis, supra. Therefore, the Municipal Court of the City of Dayton has such jurisdiction in detainer cases as is conferred upon the Justice of the Peace. The chapter in which the general jurisdiction of the Justice of Peace is defined is under Title II of the General Code as is the chapter on forcible

entry and detainer. **Sec. 10223 GC** defines the general jurisdiction of the Justice of Peace; §10224 GC defines the particular jurisdiction of the Justice under which in paragraph 5 is this language:

"to try the action of forcible entry and detainer * * *."

**Sec. 10232 GC** relates to cases in which Justices have no jurisdiction under which is paragraph 6 which reads:

"In actions in which the title to real estate is sought to be recovered, or may be drawn in question, except in the cases provided for in the next preceding section."

The cases provided for in the next preceding section do not affect the instant cause.

It is urged by appellant that the question of title is not involved in the action "because the legal title and deed, regular in every way, shows that the plaintiff is the owner; the suit to cancel or set aside the deed is conclusive proof that the title is in the plaintiff, otherwise the suit would not have been filed." There may be some technical support for this claim because it is based upon the theory that before the title of the defendant may be asserted it would be essential that the deed of the plaintiff to the premises be cancelled. Such a restricted view of the question of title is not, in our judgment, required by the state of the record. If it eventually be determined that the will is effective to carry the ownership of the premises to the defendant, then, whether or not the deed is cancelled, her title is superior to that of the plaintiff. The converse of the proposition, of course, is that if the will did not operate upon the property deeded, then the plaintiff's title is superior. This case clearly presents an issue wherein the title to the real estate involved in the forcible detainer action is drawn into question, and if §10232 GC has application to the jurisdiction of the Municipal Judge, the dismissal was properly entered.

We are of the opinion that the language of §10224 GC, §10232 GC, §10447 GC and §10449 GC is pari materia and must be read together and that the limitation on the jurisdiction of the Justice set out in **paragraph 6** of §10232 GC is effective in forcible detainer actions wherein title to real estate is drawn in question. Manifestly, this only has application where there is a distinct bona fide issue on the question of title and does

not have the effect of precluding a plaintiff from showing such title as is essential to his right of possession where such title is not in dispute. **Brown, Gdn. v Burdick, 25 Oh St 260.**

There are many cases in Ohio directly or indirectly affecting our question. Page's Digest cites **Aubrey v Almy, 4 Oh St 524,** as decisive of the proposition that:

"A justice of the peace has no jurisdiction of an action in forcible entry and detainer in which it is necessary to draw the title to such realty into question in order to determine whether the tenant is in possession unlawfully."

Unfortunately, this case is not so decisive of the question as the quotation from Bates would indicate. The court does not pass on the question in the syllabus and the only observation is made in the opinion of Chief Justice Thurman at page 525 in this language:

"The facts in proof, it is said, presented a controversy in respect to the title of the premises, a question that could not be tried in an action in forcible detainer. If this position is correct, both in fact and law, there was a valid defense to the action, but it is not perceived that there was a want of jurisdiction."

This latter observation however was made with respect to the jurisdiction of the Common Pleas Court. **Aubrey v Almy** is helpful only as a statement of opinion of the eminent Chief Justice.

However, Bridwell, et al. v Barcroft, Beaver & Co., a nisi prius case, 2 O. Dec. Rep. 697, expressly holds in the third proposition of the syllabus:

"A Justice of the Peace has no jurisdiction, under the first section of the Statute of Forcible Entry and Detainer, of a case which involves the title to real estate."

The Court cites **Bridgman v Wells, 13 Ohio 43,** and **Nichol v Patterson, 4 Ohio 200,** the first of which is in point. The decision is well considered and cites and discusses a number of Massachusetts cases from which state we derived our forcible entry and detainer statute and the court concludes that, independently of the statute, the question of title cannot be tried by a justice of the peace in forcible detainer cases.

We cite a number of other cases which we have examined

which reflect some light upon the question either directly or collaterally. Schmidt v Schmidt, supra; Dennis v Hanson, et al., 12 O. C. C. 445; Gladwell v Hume, 18 O. C. C. 845; Cowen v McGoron, 12 O. C. C. N. S. 431.

We have found one case, **Martin v Bircher, 46 Oh App 239,** which expressly holds that the Municipal Court of the City of Canton having the same jurisdiction as is granted to Justices of the Peace has jurisdiction to inquire into unlawful and forcible entries notwithstanding they involve the question of title to real estate. This decision arrests our attention. The rationale of the decision is that the limitation of **paragraph 6** of §10232 GC does not have application to the jurisdiction of the Justice of the Peace in forcible detainer cases because of the express jurisdiction conferred upon the Justice in such cases under §10447 GC.

We prefer to read all of the sections relative to the jurisdiction of the justice of the peace in pari materia.

The jurisdiction of the Justice in forcible entry and detainer has been granted as long as has the general jurisdiction. As early as 1831 in Swan's Acts of a General Nature there is carried an act of March 14, 1831, effective in June 1831, wherein the jurisdiction of the Justice in civil cases is defined and in Section 108 of this act it is provided:

"The jurisdiction of justices of the peace shall extend to actions of trespass on real estate, * * * and no claim of title to such real estate, set up by the defendant, shall take away or affect the jurisdiction hereby given."

Section 109 provides the actions to which the jurisdiction of the Justice of the Peace shall not extend, among which are:

"Actions in which the title to land and tenements may be drawn in question, except actions in trespass on real estate which are provided for in this act."

In the same volume is carried an act of February 25, 1831, effective on the same date, namely, June 1, 1831, as the act of March 14, 1831, from which we have heretofore quoted. This latter act sets up jurisdiction and procedure in forcible entry and detainer. It is not probable that two acts enacted substantially the same time and effective on the same day defining jurisdiction of the Justice of the Peace should not be

intended to be read together and both given effect. Obviously, the legislators knew when they enacted Section 109 of the act of March 14, 1831, the jurisdiction which had been vested in the Justice of the Peace in forcible entry and detainer by the act of February 25, 1831, and intended that Section 109 should limit the jurisdiction of the Justice of the Peace in forcible detainer actions when title to land and tenements was drawn into question.

Later, the act of March 14, 1853 was enacted, effective July 1, 1853. This act is a complete code of the jurisdiction, duties and powers of the Justice of the Peace, consisting of many sections and repealing former acts relating to the same subject matter. This act, Article II, Section 5, grants the jurisdiction to the Justice to try the action for entry and detention or the detention only, of real property. Other sections of the same act vest the jurisdiction in actions relating to trespass to real estate and also removes the jurisdiction in all cases where the title to real estate is brought on to the record or is drawn into question. It seems clear to us that this act enacted at the same time and effective the same date should in all of its language be given force and effect. If it does not have application in forcible entry and detainer cases, it is doubtful if it has any application of substance whatever to actions which may be tried and determined by the justice.

The question presented is interesting and as we have heretofore stated not free from difficulty.

The law as announced in the third and fourth propositions of the syllabus in Martin v Bircher and as pronounced in the opinion of Judge Lemert is broader than the narrow issue presented required. As a matter of fact the issue may have been decided upon the strength of the adjudication of this court in **State ex rel. Kennelly v Miller, 43 Oh Ap 173.** However, there is no doubt that upon the broad view which the court took of the jurisdiction of the Justice of the Peace in forcible detainer cases it reached the only possible conclusion.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.