**WILLIAMS, Plaintiff-Appellant, v. GORDON, et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21342. Decided January 31, 1949.

Philip Bartel, Cleveland, for plaintiff-appellant.
Morton I. Selman, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J.

This cause comes to this court of appeal on questions of law from an order of the common pleas court overruling a motion of the plaintiff for a temporary restraining order. The plaintiff's petition alleged that he entered into a lease agreement with the defendant for the right to occupy six rooms and bath, the property of the defendant located at 9601 Pierpont Avenue in the City of Cleveland at a rental of $55.00 per month. The conditions of the contract were that the plaintiff should buy certain household furniture owned by the defendant for the sum of $500.00 to be paid for by a down payment of $50.00 and the balance at the rate of $20.00 per month, each installment being payable along with the rent. That by the terms of such contract plaintiff was given an oral lease to occupy said premises until June 1, 1950. That plaintiff entered into possession of the property under such lease agreement on July 20, 1948. That plaintiff paid the

rent when it came due on August 20, and also the second installment 'on the furniture. That on the 10th day of September, 1948, he was served with notice to vacate which was followed by an action in forcible entry and detainer filed in the Municipal Court of Cleveland, which cause upon trial on September 29, 1948, resulted in a judgment 'of guilty. The plaintiff in the forcible detainer action (defendant in the action at bar) thereupon on or about December 20, 1948,. caused a writ to be issued seeking to evict this plaintiff.

The plaintiff further alleges that the Municipal Court of Cleveland is without jurisdiction to try the question of plaintiff's claim of a lease as a defense to the forcible entry and detainer action. That because of the inability of the court by reason of its limited jurisdiction to pass upon such. question he has been deprived of right to enjoy the benefits of his contract of lease without due process.

The plaintiff then prays for a temporary restraining order against the bailiff of the Municipal Court and the defendant. Gordon, from evicting him from the premises until the question of his rights in the property under his lease have been adjudicated and upon the final hearing he requests the court. to declare that he has a legal right to the benefits of his alleged lease of the property until June 30, 1950, and that the restraining order upon final hearing be made permanent.

Upon hearing, the common pleas court denied appellant's motion for a temporary restraining order and it is that. order that is now before this court.

The defendant appellee herein, filed in this court a motion to dismiss this appeal on the ground that the order appealed from was not a final order.

This court overruled such motion. Almost the precise question invoked in such motion was presented in the case of **Hirsch v. Home Savings Loan Co., et al, 59 Oh Ap 145** in which the Court of Appeals of the 7th District held:

"An order dissolving a temporary order issued to restrain. the defendants from evicting the plaintiff from premises in an action wherein the ultimate relief sought is the specific performance of a contract to convey the premises is a final order from which an appeal may be prosecuted."

If, therefore, the allegations of the plaintiff appellant's petition state a cause of action, the order of eviction entered in the forcible entry and detainer action in the Municipal. Court of Cleveland should be stayed until a court of competent.

jurisdiction determines the question of whether or not the plaintiff appellant in fact has a lease of the premises.

The petition in the case at bar alleges that this plaintiff appellant (defendant in the Municipal Court) offered evidence of a lease as his defense upon the hearing of his motion for new trial in the forcible entry and detainer action, which evidence was rejected by the court.

If the Municipal Court of Cleveland had jurisdiction to consider the defendant's claim of a lease as a defense to the forcible entry and detainer action in the manner in which it was presented, then its refusal to entertain such defense could be reviewed in an error proceeding and the judgment of guilty could not be collaterally attacked by an injunction proceeding in the common pleas court.

**Sec. 1579-6 Paragraph 10 GC** dealing with the jurisdiction of the Municipal Court of Cleveland provides that the court shall have jurisdiction—

"10. In all actions for the recovery of real property situated in the City of Cleveland to the same extent as courts of common pleas may now or hereafter as given jurisdiction."

The jurisdiction, however, to try an action in forcible entry and detainer was originally given exclusively to the court of justice of the peace and the municipal court's right to entertain such an action was provided for under §1579-6 **Paragraph 1 GC** where the statute provides—

"1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction."

**Sec. 10224 GC** on the subject of the jurisdiction of a justice of the peace, Paragraph 5 provides—

"To try the action of forcible entry and detainer or the detention only of real property, except that in Cuyahoga, Mahoning and Franklin Counties, the jurisdiction and authority of justices in such cases is limited to the township for which they are elected."

In Chapter 13 on forcible entry and detainer which is a part of the Justice Code, §10447 **GC** provides:

"Jurisdiction. In the manner hereinafter directed any justice within his proper county may inquire as well against those who make unlawful and forcible entry into lands and

tenements and detain them as against those who have a lawful and peaceable entry into lands and tenements unlawfully and by force hold them. If upon inquiry it be found that an unlawful and forcible entry has been made and that the lands or tenements are held by force, or that after a lawful entry they are held unlawfully, then such justice shall cause the party complaining to have restitution thereof."

It is clear from the foregoing statute that in the trial of a forcible entry and detainer case, the procedure to be followed is that provided for in a court of justice of the peace.

Harbin, Jr. v. Davis, 41 Abs 65, at page 71.

And where a municipal court is given jurisdiction to try actions in forcible entry and detainer, such court acts in the capacity of a justice of the peace and is limited in the trial of such cause to the powers conferred upon a justice of the peace in forcible entry and detainer cases.

Adair v. Crepps, 81 Oh Ap, 136.

That the court of the justice of the peace has no jurisdiction to try a question of title as a defense in a forcible entry and detainer case is supported by the overwhelming weight of authority.

In Ohio Civil Code by Gardner, 1948 Supplement under the heading of **Discussion** under Section 10447, Page 15 we find the following—

"The courts of appeals are in agreement that a justice of the peace is without jurisdiction in an action against a defaulting purchaser in possession under a land contract which does not contain a forfeiture clause; State ex rel Morgan v. Stevenson, 39 App. 335, 177 N. E. 247, but that he has jurisdiction in such case where the contract contains a forfeiture clause giving the vendor the right to possession on default of the vendee; Martin v. Bircher; State ex rel. Kennelly v. Miller, and Feiger v. Thompson, supra, and also where defendant has possession under a written lease containing a forfeiture clause, notwithstanding it also gives lessee option to purchase at a future date: Raab v. Guest, supra.

Other authorities on the question of jurisdiction are: Schmidt v. Schmidt, 1 N. P. (N. S.) 177, 13 O. D. 663 (distinguishing Dennis v. Hanson, 12 C. C. 445, 5 C. D. 465 (oral lease), and Gladwell v. Hume, 18 C. C. 845, 9 C. D. 767): Baughman v. Bounds, 29 N. P. (N. S.) 544 (reformation of lease); **Aubrey v. Almy, 4 Oh St 524;** Kane v. Dominick, 21 C. C. (N. S.) 500, 29 C. D. 594 (oral lease); Foster v. Ellison, 12 C. C. (N. S.) 399, 21 C. D. 513; Cowen v. McGorne, 12 C. C. (N. S.) 431, 21 C. D.

590; **McGriff v. Hays, 29 Abs 534 (App.); Lynam v. Schueler, 23 O. O. 562, 68 N. E. (2d) 114 (App.)**, and State ex rel. Morgan v. Stevenson, supra, the latter two holding there was no jurisdiction.

From these inconsistent authorities, it would seem from the better reasoned of them, that the mere fact plaintiff might be required to offer evidence in the first instance of his title, as is frequently necessary, to show his right of possession when defendant is not estopped to deny title, does not defeat the jurisdiction of the justice; but evidence on behalf of defendant as to any equitable defense should be admitted for the purpose of defeating plaintiff's case, and when such evidence, or the pleadings or evidence of plaintiff, disclose a bona fide controversy as to title, on which right of possession depends, or other equitable defense, the justice is without jurisdiction and should dismiss the action, or he should render judgment for defendant, which is no doubt another way of saying he is without jurisdiction to adjudicate such issues. Such a judgment would not be res judicata (§10450 GC).

Should the justice reject such evidence, or if by its admission a bona fide controversy is disclosed and he renders judgment for plaintiff, he might be reversed on appeal, or he might be enjoined from enforcing a writ of restitution: **State ex rel Moss v. Clair, 148 Oh St 642, 36 O. O. 258,—N. E. (2d)—.**"

The case of Schmidt v. Schmidt, 1 O. N. P. N. S. 177 is a well reasoned case upon the question before us in the instant case. It was an action seeking to reform a lease for specific performance of such a lease of a storeroom and the quieting of title thereto. The plaintiff also prayed for an injunction against the execution of a writ of restitution awarded by a justice of the peace in a forcible entry and detainer between the same parties and involving the same storeroom.

The court held that in a forcible entry and detainer action an equitable title cannot be availed of defensively unless it is discernible from the averments of the complaint or from facts shown by the complainant of the trial. And on page 177 of the opinion the court said:

"The petition herein plainly invoked the equity powers of this court by pleading facts and praying relief which a justice of the peace has no power to give. While this action may involve a review of the adjudication of the justice, yet there is no objection to such a proceeding for Sec. 6601 R. S. (now §10450 GC) expressly provides "judgments either before the justice or in the court of common pleas under this chapter

(Chap. 9, Title III regulating forcible entry and detainer) shall not be a bar to any after action brought by either party."

And in Gladwell v. Hume, 18 C. C., at page 848, the court reasons well on the practical independency of such a pro-ceeding before a justice and such an action as the one at Bar.

If therefore, the municipal court was without jurisdiction to consider the defendant's defense (plaintiff herein) of a verbal lease which was offered at the time of the argument of the motion for new trial in the forcible entry and de-tainer action, it would certainly be an undue hardship upon plaintiff in this case not to have the execution of the writ of restitution issued in the municipal court on the trial of the forcible entry and detainer action stayed until the question of plaintiff's rights under the verbal lease has been determined in a court of competent jurisdiction.

We conclude therefore, that the order of the trial court overruling the plaintiff's motion for a restraining order pendente lite should be reversed and this cause is therefore remanded with instructions to grant such motion for a temporary restraining order as prayed for pending the final disposition of this case, upon the giving of such security as under the circumstances of the case would be reasonable and proper.

HURD, PJ, MORGAN, J, concur.