GORDON ET AL., APPELLEES, *v.* KOBY, APPELLANT.

(No. 320—Decided November 12, 1949.)

*Mr. Francis M. Marley,* for appellees.
*Messrs. Frick & Turner,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Fostoria.

The action is one in forcible entry and detainer, in which the appellees, LaManda Gordon, Charles Reisz and Laura Dreitzler, were plaintiffs and the appellant, Phillip Koby, was defendant.

Upon the trial of the cause in the Municipal Court, the court rendered judgment that a writ of restitution issue to the bailiff, commanding him to restore pos-

session of the premises described in the petition to plaintiffs, and for costs.

That is the judgment from which this appeal is taken.

The case is submitted to the court upon the transcript of the docket and journal entries of the Municipal Court and the original papers filed in the Municipal Court.

No bill of exceptions of the proceedings had in the Municipal Court has been filed herein.

The defendant assigns error in the following particulars:

1. Overruling the defendant's demurrer to the petition without hearing or notice.

2. Refusing to permit the defendant to try the cause to a jury although demand was made on the day of the hearing.

3. Overruling the defendant's motion for a new trial.

These claimed errors will be considered in the order mentioned.

1. The demurrer referred to in this assignment of error, omitting caption and signature, is in the following words, to wit:

"Comes now the defendant and demurs to the petition of the plaintiffs filed herein, for the reason that the issues have already been determined and are *res judicata*."

*Res judicata* is a defense to an action, and being a defense must be pleaded as such and cannot be raised by demurrer unless facts establishing it are pleaded in the petition. Furthermore, under the express provisions of Section 10450, General Code, a judgment in an action in forcible entry and detainer is not *res judicata* of a later action brought by either party to the judgment.

The order of the Municipal Court overruling the de-

murrer was the only order that could properly be made in the premises, and the fact that such order was made without hearing or notice could not in any way be prejudicial to the defendant.

This assignment of error is therefore without merit.

2. The Municipal Court of Fostoria was created and its jurisdiction and procedure prescribed by an act of the Legislature of Ohio, the sections of which are now designated Sections 1579-1397 to 1579-1447, inclusive, General Code.

Section 1579-1397, General Code, prescribes that the court is created as a court of record in and for the city of Fostoria in Seneca and Hancock counties, the townships of Louden and Jackson in Seneca county, the township of Washington in Hancock county and the township of Perry in Wood county.

Section 1579-1403, General Code, among other things, provides:

"The Municipal Court herein established shall have original civil jurisdiction within the limits of said city of Fostoria, and the townships of Jackson and Louden in Seneca county, Washington in Hancock county and Perry in Wood county, in the following cases:

"1. All actions and proceedings in which justices of the peace or such courts as may succeed justice of peace courts now have or may hereafter be given jurisdiction."

Section 1579-1404, General Code, among other things, provides:

"The Municipal Court shall have civil jurisdiction within the limits of Seneca county, Hancock county and Wood county, Ohio, respectively:
" * * *

"6. In all actions of whatever nature or remedy wherein justice of the peace courts now or may hereafter have jurisdiction."

Section 1579-1415, General Code, among other things, provides:

"All causes in the Municipal Court, both civil and criminal, shall be tried to the court, unless a jury be demanded in writing by a party entitled to the same. The demand for a jury trial in civil cases must be made in writing not later than two weeks from the return date stated in the summons and not less than three days before the trial of the case.",

Sections 10447 to 10461, inclusive, General Code, enacted long prior to the sections above mentioned, conferred jurisdiction on justices of the peace of actions for forcible entry and detainer and prescribed their procedure in such cases. Section 10457, General Code, provides that a jury may be demanded by either party, but does not prescribe any particular time for the making of such demand.

The provisions of Sections 10447 to 10461, inclusive, General Code, having been enacted prior to the enactment of Sections 1579-1397 to 1579-1447, inclusive, General Code, relating to the creation and procedure of the Municipal Court of Fostoria, are limited and to some extent superseded by the provisions of the latter sections. *Morse, Marshal, v. State, ex rel. Empire Petroleum Co.,* 41 Ohio App., 265, 268, 269, 180 N. E., 906.

The provisions of Section 1579-1415, General Code, relating to jury trials in the Municipal Court, specifically apply to all actions of which the Municipal Court has jurisdiction, and, although actions in forcible entry and detainer are not specifically mentioned in the sections of the General Code creating such court and defining its jurisdiction and procedure, the jurisdiction conferred on the court by the provisions of Sections 1579-1397 to 1579-1447, inclusive, General Code, comprehends jurisdiction of such cases; and the pro-

visions of Section 1579-1415, General Code, relating to jury trials in the Municipal Court apply, to the exclusion of the provisions of Section 10457, General Code.

The case of *Harbine, Jr.*, v. *Davis*, 41 Ohio Law Abs., 65, 57 N. E. (2d), 421, relied on by the defendant as determining that the provisions of Section 10457, General Code, relating to jurisdiction in actions of forcible entry and detainer before justices of the peace, apply to juries in cases of forcible entry and detainer in the Municipal Court of Fostoria, has no application to the facts of the instant case.

The case relied upon involved the act creating the Municipal Court of Dayton. In the act there was no express provision, as there is in the act creating the Municipal Court of Fostoria, as to jury trials, and the court held merely that, in the absence of such express provision, the provisions of Section 10457, General Code, applied to jury trials in such actions in the Municipal Court of Dayton.

Neither does the case of *Williams* v. *Gordon*, 53 Ohio Law Abs., 464, 86 N. E. (2d), 34, apply to the case at bar, as it involved only the question as to whether the Municipal Court had jurisdiction to determine questions of title in a forcible entry and detainer case and does not involve the question of the right to trial by jury in such a court.

As the record before this court discloses that no demand was made for a jury trial in conformity with the provisions of Section 1579-1415, General Code, the Municipal Court properly refused defendant's request for a jury trial.

This assignment of error is therefore without merit.

3. Under the third assignment the defendant charges that the court erred in overruling the motion for a new trial.

In addition to the two charges of error assigned by the defendant, which we have hereinbefore discussed and found to be without merit, the defendant in his motion for new trial charges error in the following particulars:

(a) The failure and refusal of the court to give the defendant the time provided by statute for pleading to the petition.

(b) The charge (finding and judgment) is not sustained by sufficient evidence and is contrary to law.

(c) Several errors at law occurring at the trial of the cause, and other errors manifest of record.

Nothing appears in the record before us sustaining defendant's claim of error in any of the respects mentioned, and, so far as the record shows, the court properly overruled the motion for a new trial.

This assignment is also without merit.

Our conclusion that the assignments of error are without merit requires the affirmance of the judgment of the Municipal Court.

However, as the attorneys in the case have requested the court to consider a contention of error made by the defendant in his brief but not specified in his assignments of error, we will consider such contention.

This contention is that as the defendant was not served with summons within the city of Fostoria, or within the township of Louden or Jackson in Seneca county, or within the township of Washington in Hancock county, or within the township of Perry in Wood county, the Municipal Court of Fostoria was without jurisdiction to try the action in forcible entry and detainer.

The return of the service of summons on the defendant discloses that he was not served with summons within the city or townships mentioned.

As supporting his contention, the defendant relies on the case of *Morse* v. *State, ex rel. Empire Petroleum Co., supra.*

In the case mentioned it was held that the Toledo Municipal Court was without jurisdiction of a forcible entry and detainer proceeding respecting realty located in and owned by a resident of an outlying district, unless service was made within the city.

The Municipal Court of Toledo was created, and its jurisdiction and procedure prescribed by an act of the Legislature, now designated Sections 1579-276 to 1579-329, inclusive, General Code. Differing from Section 1579-1403, General Code, conferring jurisdiction on the Municipal Court of Fostoria within the territorial limits of the court, of all actions and proceedings in which justice of the peace or such courts as may succeed justice of the peace courts may have or may be hereafter given jurisdiction, and not specifically referring to actions in forcible entry and detainer, Section 1579-286, General Code, creating the Municipal Court of Toledo, confers jurisdiction on it in actions in forcible entry and detainer, in the following words:

"The Municipal Court shall have and exercise original jurisdiction *within the limits of the city of Toledo* as follows:

"* * *

"8. In all actions in forcible entry and detainer of real property." (Italics ours.)

Section 1579-289, General Code, a part of the act creating the Municipal Court of Toledo, differing from Section 1579-1404, General Code, conferring jurisdiction on the Municipal Court of Fostoria within the limits of Seneca county, Hancock county and Wood county, respectively, in all actions of whatever nature or remedy wherein justice of the peace courts now or may

hereafter have jurisdiction, confers jurisdiction on the Municipal Court of Toledo within the limits of the county of Lucas:

"4. In actions and proceedings where one or more defendants reside or are served with summons in the city of Toledo.

"* * *

"6. In all actions, criminal, quasi-criminal, civil and preliminary hearings, in which justices of the peace have or may be given jurisdiction coextensive with the county in which they are elected and preside."

By the provisions of Sections 10224 and 10447, General Code, jurisdiction is conferred on justices of the peace, except in Cuyahoga, Mahoning and Franklin counties, coextensive with their respective counties to try actions of forcible entry and detainer.

Section 1579-293, one of the General Code sections creating the Municipal Court of Toledo, provides:

"No justice of the peace in any township in Lucas county, or mayor in any village in Lucas county, in any proceedings whether civil or criminal, in which any warrant, order of arrest, summons, order of attachment or garnishment or other process, except subpoena for witnesses, shall have been served upon a citizen or resident of Toledo or a corporation having its principal office in Toledo, shall have jurisdiction, unless such service be actually made by personal service within the township or village in which said proceedings may have been instituted * * *."

Section 1579-1444, General Code, a corresponding section of the act creating the Municipal Court of Fostoria, contains a similar provision in the words following:

"No justice of the peace in any township in Seneca, Hancock or Wood counties, or mayor of any village

or city in any of said counties shall have jurisdiction in any civil action or proceeding to issue any summons, order of attachment or garnishment, or other process directed against any person a resident of the city of Fostoria, or of the townships of Jackson and Louden in Seneca county, or the township of Washington in Hancock county, or the township of Perry in Wood county, except subpoenas for witnesses and in proceedings to collect the judgments of said justices of the peace and mayors.''

It will be noted, however, that the provisions of Section 1579-1444, General Code, specifically prohibit the exercise of jurisdiction of justices of the peace and mayors courts situated in the counties mentioned within the territorial limits of the Municipal Court of Fostoria, except in the service of subpoenas and in proceedings to collect judgments, whereas under the provisions of Section 1579-293, General Code, the jurisdiction of justice of the peace courts and mayors courts in Lucas county, outside the territorial limits of the Toledo Municipal Court, is specifically recognized when service is made upon a citizen or resident of Toledo, or a corporation having its principal office in Toledo, within the township or village in which such proceedings may have been instituted.

The decision of the court in the *Morse case, supra,* was based on:

1. The above-quoted explicit provisions of the act creating the Municipal Court of Toledo with reference to the jurisdiction of the court in actions of forcible entry and detainer of real property within the limits of the city of Toledo.

2. The above-quoted explicit provisions with reference to the jurisdiction of the court within the limits of Lucas county in actions and proceedings where one

or more of the defendants reside or are served with summons in the city of Toledo, followed by the above-quoted general provision conferring jurisdiction on the court in all actions in which justices of the peace have or may be given jurisdiction coextensive with the county.

3. The above-quoted explicit provisions of Section 1579-293, General Code, a part of the act limiting the jurisdiction within the city of Toledo of justices of the peace and mayors in Lucas county outside the city of Toledo, but recognizing their jurisdiction in actions in which summons have been personally served upon a citizen or resident of Toledo, or a corporation having its principal place of business in Toledo, in the township or village in which the proceedings are instituted.

The above provisions the court construed as limiting the jurisdiction of the Municipal Court in forcible entry and detainer cases affecting real estate in Lucas county outside the city of Toledo to cases in which summonses are served on the defendants within the limits of the city.

As hereinbefore noted, the act creating the Municipal Court of Fostoria does not contain any of the explicit provisions above mentioned, and consequently the decision above mentioned is inapplicable to the interpretation and construction of the act.

By the provisions of Section 1579-1404, General Code, above quoted, jurisdiction coextensive with the counties of Seneca, Hancock and Wood is conferred on the Municipal Court of Fostoria in actions in forcible entry and detainer. The jurisdiction thus conferred is not expressly or impliedly limited or restricted by any other provision of the act creating such court.

The court therefore had jurisdiction of the instant

case notwithstanding the real estate affected thereby is not situated within the city or townships mentioned, but within one of the counties mentioned, and summons was not served on the defendant within the city or townships for which the court was created.

Furthermore, the defendant in the case at bar entered his appearance in the cause by demurring to the petition, demanding a jury, participating in the trial of the cause, and filing a motion for a new trial of the cause, and thereby submitted to and became subject to its jurisdiction in the same manner as if summons had been served upon him within the limits of the city or townships for which the court was created.

This contention of error is therefore without merit.

For the reasons mentioned, the judgment of the Municipal Court is affirmed at costs of defendant and the cause remanded to the Municipal Court for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.