206

**BOND et, Plaintiffs, v. FROST et, Defendants.**

Common Pleas Court, Fayette County.

No. 21890.   Decided March 7, 1955.

Reed M. Winegardner, Washington C. H., for plaintiffs.
John S. Bath, Washington C. H., for defendants.

## OPINION

By CASE, J.

On December 2, 1954, Plaintiffs filed their "petition in ejectment" herein which reads in part as follows:

"Plaintiffs say that they have a legal estate in and are entitled to the immediate possession of the following-described real estate, to-wit:

"* * *

"That the defendants, James Barker and Elizabeth Barker. are husband and wife. and that they and the defendant, John E. Frost. and each of them, unlawfully keep plaintiffs out of possession of a house and outbuildings and the appurtenances thereto, including the plot of ground on which same are situated, and being a portion of plaintiff's real estate, hereinbefore described. situated on the southerly portion thereof

"WHEREFORE, plaintiffs pray for a judgment against the defendants for . the recovery of said premises, including the house and outbuildings and appurtenances thereto and the plot of ground on which same are situated and for costs and all other legal and equitable relief to which they may be entitled."

On December 31, 1954, Defendants filed their motion herein which reads as follows:

"Defendants move this court for an order dismissing this cause and to strike said petition from the files for the reason that there is another action pending between these same parties for the same cause; that said other action was pending at the time the instant action was filed."

The Defendants also attached to and filed with said motion their memorandum in support thereof which reads in part as follows:

"Plaintiffs heretofore, on October 9, 1954, as Case No. 419. filed an action in the Municipal Court of Washington Court House, Ohio, and allege in that action that defendants 'unlawfully and forcibly detain from plaintiffs possession of the following property consisting of a house, outbuildings in connection therewith and the plot of ground on which same stand' and seeking 'process, restitution and for the costs of this action.' Defendants duly filed their answers in said action and said action is still pending in said court.

"Had this fact been set forth in plaintiffs' petition, said petition would have been demurrable by virtue of §2309.08 R. C. As a demurrer does not lie, since plaintiffs have omitted said facts from their petition, defendants seek their remedy of dismissal of the plaintiff's petition by this motion to dismiss.

"When it is made to appear that there is another action pending in another court between the same parties, upon the same subject matter the court may dismiss the action and remit the plaintiff to his remedy in that court. Catrow v. Columbus, D. & M. R. Co., 11 ONP ns 561. The principle that the pendency of a former suit between the same parties for the same cause is a matter of abatement to a second suit in a court of the same State has its foundation in justice and is firmly established. Weil v. Guinn, 42 Oh St 299. The reason for this rule is to prevent a multiplicity of suits and to prevent a defendant from being harrassed and oppressed by two actions for the same cause; where the plaintiff has a remedy by one, the second suit is not necessary. Spence v. Union Central Life In-

surance Company, 40 Oh St 517; Lauer v. Smith, 1 OCC ns 21, affirmed in 65 Oh St 563."

On March 5, 1955, counsel for Plaintiffs filed a comprehensive memorandum contra Defendants' aforesaid motion.

The pertinent portions of §2309.08 R. C., cited and referred to in Defendants' memorandum, read as follows:

"The defendant may demur to the petition only when it appears on its face that:

"* * *

"(D) There is another action pending between the same parties for the same cause;"

The respective memoranda filed on behalf of the parties hereto clearly admit that such action in Forcible Entry and Detention was commenced and/or pending in the Municipal Court of Washington Court House, Ohio, since November 8, 1954, and since the commencement of the within action in this court on December 2, 1954, and that said causes of action involve the very same premises. But, even though this be true, the next question to be considered and determined is whether or not the action so pending in the municipal court between the same parties is the same cause as that now pending before this court. We think not.

There is no dispute that the action so pending in the municipal court is, by the character of its complaint and relief sought, a cause of action in forcible entry and detainer which required Plaintiffs to set forth in their petition therein certain allegations particularly describing the premises so entered upon and detained, and setting forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises, as prescribed by the pertinent provisions of §1923.05 R. C. Nor is there any dispute that said municipal court could acquire and exercise jurisdiction over such a cause of action under the pertinent provisions of §1901.18 (H) R. C.

On the other hand, it is clearly apparent that Plaintiffs' petition, as filed and pending in this court, by reason of the character of its complaint and relief sought, states a cause of action in ejectment for recovery of certain real property as authorized under the provisions of §5303.03 R. C. In an action in ejectment, it is sufficient if the Plaintiffs state in their petition that they have a legal estate in the real property and are entitled to the possession thereof, describing it with such certainty as to identity the property, and that the defendants unlawfully keep them out of the possession. "It is not necessary to state how the plaintiff's estate or ownership is derived." (Sec. 5303.03 R. C.)

Chapter 5303 R. C., is entitled "ACTIONS RELATING TO REALTY." and §5303.03 R. C. thereof deals exclusively and specifically with those essential allegations required to be stated and set forth in a petition on a cause of action in ejectment. The next succeeding section expressly provides the minimum allegations which shall be contained and set forth in the answer to the petition in an ejectment action. Said section reads as follows:

"Sec. 5303.04 R. C. Answer to action for land. (Sec. 11904 GC.)

"In an action for the recovery of real property, it is sufficient if in his answer the defendant denies generally the title alleged in the petition,

or that he withholds the possession. If he denies the title only, possession by him shall be taken as admitted. When he does not defend for the whole premises, the answer shall describe the particular part for which defense is made. The defendant also may set forth in his answer other grounds of defense and counter-claim, as in any other form of action."

Plaintiffs' petition, in the cause now pending in this court, clearly raises the question of title to the real estate involved in the forcible entry and detainer action pending in the municipal court between the same parties. This being apparent on the face of Plaintiff's petition before this court in an action for ejectment, this court must apply established principles of law concerning limitations upon the jurisdiction of municipal courts to hear and determine actions involving title to real estate.

In McDermott's Ohio Real Property Law and Practice (1950), Section 38.09b, at page 490, it is stated:

"When the evidence or the pleadings disclose a bona fide controversy as to title, on which right of possession depends, or other equitable defense, the municipal court or justice of the peace is without jurisdiction. **Williams v. Gordon, 53 Abs 464, 469 (App. 1949)."**

Williams v. Gordon, supra, was decided by the Court of Appeals for Cuyahoga County in 1949, and appears to be in accord with an earlier decision of the Court of Appeals for Montgomery County (which is also the Court of Appeals for Fayette County) in the case of **Lynam v. Schueler, 79 Oh Ap 101, 33 O. O. 562, 47 Abs 257, 68 N. E. 2d 114,** decided May 22, 1946, wherein our Court of Appeals held in part as follows:

"2. The limitation on the jurisdiction of a justice of the peace, as set forth in **paragraph 6 of §10232 GC,** is effective in forcible entry and detainer actions wherein title to real estate is drawn into question.

"3. The Municipal Court of Dayton, having such jurisdiction in forcible entry and detainer cases as is conferred upon the court of justice of the peace, does not have jurisdiction of an action in forcible entry and detainer where such action requires a determination of the title to realty which is the subject of the action."

In the cases of **Dwyer v. Garlough, 31 Oh St 158,** and **Robinson v. Williams, 62 Oh St 401,** the Supreme Court of Ohio recognized the general rule that where a court of competent jurisdiction has acquired possession of the subject-matter of litigation, and the right of a party to prosecute his action has once attached, the right of the court to retain the case, and of the party to prosecute it, can not be defeated by the institution of proceedings in another court, although of concurrent and co-ordinate jurisdiction; but the Supreme Court held that such rule has no application where the powers of the court first acquiring control of the subject of the litigation are so far limited, or defective, as to be unable to afford that relief to the parties to which they are either legally or equitably entitled.

In their memorandum contra Defendants' motion to dismiss this cause and strike Plaintiffs' petition from the files, the Plaintiffs represent and contend in part as follows:

"Since the defendants, in their answer filed in the Municipal Court Case, listed above, have brought up the 21 year statute of limitations and other matters, involving the title to real estate, that court is without jurisdiction to proceed further in this municipal court case and no disposition

can be made of the matters which are now involved in a final determination of this litigation.

"Accordingly, and in the furtherance of a final determination of this proceeding, plaintiffs herein, are, this day, forwarding an Entry for the dismissal, without prejudice, of the Case No. 419, pending in the Municipal Court of Washington C. H., Ohio, and ask the defendants in this action, who are also the same defendants in the Municipal Court action, to approve such Entry of Dismissal, and join in asking the Municipal Judge to dismiss the same, so all matters can be finally determined, that are in dispute, in this proceeding.

"However regardless of the disposition of the proceedings involved in Case No. 419 pending in the Municipal Court of Washington Court House, Ohio, there is no conflict between the authority of this Court, for the disposition of this case, as the Municipal Court is a court of limited jurisdiction and the Common Pleas Court is a court of general jurisdiction, and the latter has preference, under such situation to completely dispose of the controversy in issue.

"In support of the statement made in the last paragraph, I wish to call the attention of the court to the Case of **Nemeth v. Bittikofer**, reported in **69 Abs 87**, decided November 13, 1953, by Judge Thomas of the Common Pleas Court of Cuyahoga County, Ohio, in which Syllabus (5) states—

" 'The first acquired jurisdiction of a court of limited jurisdiction does not exclude the exercise of the subsequently acquired jurisdiction of a court of general jurisdiction where the first court's authority is not adequate to completely dispose of the controversy in question.' "

It appears that the principle of law so quoted from the fifth headnote in the Nemeth case, supra, is applicable to the case at bar.

## FINDINGS OF FACT AND LAW

Briefly summarizing the facts, as they appear from the pleadings and admissions contained in memoranda of record herein, the Court finds:

1. That, prior to the action in ejectment now pending in the common pleas court between Plaintiffs and Defendants, Plaintiffs commenced an action in forcible entry and detainer against said Defendants in the Municipal Court of Washington Court House, Ohio, involving the very same premises;

2. That said action in forcible entry and detainer is still pending in said municipal court between the same parties; and

3. That the pleadings, in said forcible entry and detainer action in said municipal court, raise and present a distinct bona fide issue and dispute involving the title to said premises between the same Plaintiffs and Defendants.

Briefly summarizing the law applicable to the facts of record herein, the Court finds:

A. That the allegations contained and set forth in Plaintiffs' petition, in the cause pending in the common pleas court, are in accord with and satisfy the express statutory provisions of §5303.03 R. C., and state a cause of action in ejectment;

B. That a cause of action in ejectment is a separate and specific statutory remedy which is distinguished by statute and case law from the statutory remedy of forcible entry and detainer;

C That the Municipal Court of Washington Court House, Ohio, has such jurisdiction in forcible entry and detainer cases as is conferred upon the court of justice of the peace, but does not have jurisdiction of an action in forcible entry and detainer where such action requires a determination of the title to realty which is the subject of the action (**Lynam v. Schueler, 79 Oh Ap 101, 33 O. O. 562, 47 Abs 257, 68 N E. 2d 114**).

D That, since said municipal court is without jurisdiction, in the aforesaid forcible entry and detainer cause, to determine the title to the realty which is the subject of said action, there is no basis in fact and law to support Defendants' contention that the principle of abatement should be applied to said action in ejectment in order "to prevent a multiplicity of suits and to prevent a defendant from being harrassed and oppressed by two actions for the same cause."

Therefore, upon the grounds and for the reasons hereinabove set forth and discussed, the Court finds that Defendants' motion, to dismiss said cause of action in ejectment and to strike Plaintiffs' petition from the files, is not well made and should be overruled.

The court further finds that counsel for Plaintiffs should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of Defendants and thereupon submit same to counsel for Defendants and to this court for approval within ten days.