Hadley **STEPHENS**, Appellant,

v.

**Willie M. HAMMERSLEY and Nora
Hammersley**, Appellees.

No. 2505.

Supreme Court of Alaska.

Aug. 4, 1976.

Douglas B. Baily, Anchorage, for appellant.

Albert Maffei, Anchorage, for appellees.

OPINION ON REHEARING

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE JJ.

BOOCHEVER, Chief Justice.

Appellees Hammersleys have requested a rehearing of our judgment of June 14, 1976 on the grounds that this court has overlooked, misapplied or failed to consider a directly controlling statute.[1]

The Hammersleys contend that the language of AS 22.10.030(a), AS 34.35.005 (a) and AS 34.35.110(a) provide for a different result from that of our decision. These statutes provide:

AS 22.10.030(a). All actions in ejectment or for the recovery of the possession of, quieting title to, for the partition of, or the enforcement of liens upon, real property shall be commenced in the superior court in the judicial district in which the real property, or any part of it affected by the action, is situated.

AS 34.35.005(a). When an action is required to enforce a lien provided for in § 5–425 of this chapter, the action shall be started in the superior court in the judicial district in which the property upon which the lien attaches is located.

. . .

1. Appellate Rule 27(a)(1) specifies:

(a) The court may order a rehearing of a matter previously decided if, in reaching its decision.

(1) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling[.]

AS 34.35.110(a). An action to enforce a lien created by §§ 50–120 of this chapter shall be brought in the superior court. . . .

The Hammersleys argued that the use of the word "shall" in the above statutes confers exclusive jurisdiction in the superior court. We do not agree.

■ AS 22.10.030(a) [§ 17(2), Ch. 50, SLA 1959] was enacted in 1959. AS 34.-35.005(a) [§ 26–9–3, ACLA 1949] and AS 34.35.110(a) [§ 26–1–13, ACLA 1949] were enacted in 1949.[2] AS 22.15.030(a)(9), the statute conferring the district court's jurisdiction over liens, however, was enacted in 1971 [am. §§ 1–5, Ch. 38, SLA 1971] after the qualifications for district court judges were substantially strengthened by the legislature in 1967.[3] By providing for jurisdiction over lien foreclosures, the leg-islature showed a clear intent to expand the district court's jurisdiction into areas which formerly were the sole province of the superior court.[4]

Given the change in qualifications of district court judges prior to the expansion of the court's jurisdiction, we see no reason to construe the language the Hammersleys cite so as to limit the jurisdiction of that court in a manner not expressly required by the statutory language. The language regarding the power of the district court over lien foreclosures is qualified so as to except foreclosures where the amount of the lien is over $10,000.00 but is not in any way qualified so as to except liens on real property either expressly or by implication. In other instances, the legislature has expressly stated the limits of a district court's jurisdiction,[5] or has otherwise made jurisdictional boundaries very clear.[6]

2. These two statutes were taken without substantial change from Oregon statutes.

3. AS 22.15.160(a) [am § 1 Ch. 117 SLA 1967]. When the jurisdictional limitation now set forth in AS 22.15.050(1) was enacted after statehood, a person unlicensed to practice law could be appointed a district court judge, then called a district magistrate, if a competent, licensed attorney was not available for appointment. § 11, Ch. 184 SLA 1959. Now, not only must district judges be attorneys, but they are subject to the same appointive and retention election processes as are the judges of the superior court and the justices of the supreme court. As 22.15.170(a), AS 22.15.195, AS 15.35.100–.130.

4. See also AS 22.15.030(a)(8), enacted in 1968, which conferred jurisdiction on the district court regarding matters concerning the recovery of possession of premises under the forcible entry and detainer statutes (AS 09.-45.070–.160).

5. See, e. g., AS 22.15.050:
    The jurisdiction of the district courts does not extend to
    (1) an action in which the title to real property is in question;
    (2) an action for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction upon a promise to marry, actions of an equitable nature (except as provided in § 30(a)(9) of this chapter), or actions in which the state is a defendant.

and AS 22.15.070:
    The criminal jurisdiction of the district court of the State of Alaska extends over the entire state. The civil jurisdiction of the district court extends over the whole of the judicial district.

6. See, e. g., AS 22.15.030:
    (a) The district court has jurisdiction of civil cases and proceedings as follows:
    (1) for the recovery of money or damages *when the amount claimed* exclusive of costs, interest and attorney fees *does not exceed $10,000, except as provided in (10) of this subsection;*
    (2) for the recovery of specific personal property, *when the value of the property claimed and the damages for the detention do not exceed $10,000;*
    (3) for the recovery of a penalty or forfeiture, whether given by statute or arising out of contract, *not exceeding $10,000;*
    (4) to give judgment without action upon the confession of the defendant for any of the cases specified in this section, *except for a penalty or forfeiture imposed by statute;*
    (5) for establishing the fact of death of any person *in the manner prescribed in AS 09.55.020—09.55.060;*
    (7) for proceedings under the Village Incorporation Act of 1957 (AS 29.25);
    (8) for the recovery of the possession of premises in the manner provided under

■ In the absence of a clear intent by the legislature to limit the jurisdiction extended by AS 22.15.030(a)(9) to liens other than on real property, we refuse to so limit the district court's jurisdiction.

We further find that the other matters raised in the petition are without merit.

AS 09.45.070—09.45.160 *when the value of the property or of the arrears and damages to the property does not exceed $10,000;*

(9) for the foreclosure of a lien *when the amount in controversy does not exceed $10,000;*

(10) for the recovery of money or damages in motor vehicle tort cases when the *amount claimed exclusive of costs, interest and attorney fees does not exceed $15,000.*

(b) Insofar as the civil jurisdiction of the district courts and the superior court is the same, such jurisdiction is concurrent. (emphasis added)

and AS 22.15.060:

(a) The district court has jurisdiction of the following crimes:

(1) a misdemeanor unless otherwise provided in this chapter;

(2) a violation of an ordinance of a political subdivision.

(b) Insofar as the criminal jurisdiction of the district courts and the superior court is the same, such jurisdiction is concurrent.